Hillsborough, }
June 29, 1907. }

BANK COMMISSIONERS *v.* NEW HAMPSHIRE BANKING CO.

Where a savings bank is authorized by its charter to receive general deposits and special deposits for a guaranty fund,—the former being entitled to interest and repayment according to contract, and the latter drawing no interest, but required to be kept as a guaranty for the repayment of general deposits,—the general depositors, in the event of liquidation, are entitled to receive interest upon their deferred dividends, as against the depositors for the guaranty fund.

DECREE, as to the distribution of funds in the hands of a receiver, made at the January term, 1907, of the superior court by *Peaslee*, J., after hearing the facts.

The defendant bank began business in 1880, and received special deposits, constituting a guaranty fund under the charter (Laws 1879, *c.* 131), to the amount of $125,000. Under vote of the trustees, general depositors were entitled to three and one half per cent per annum as interest upon their deposits in 1897, and that rate had been paid for several years prior thereto. April 29, 1897, the trustees, with the concurrence of the bank commissioners, voted that the corporation go into liquidation and that the three and one half per cent interest promised depositors for the year ending April 30, 1897, be credited to depositors' accounts and paid out on or after May 1, 1897. April 29, 1897, the clerk of the corporation sent notice to the general depositors that the three and one half per cent interest promised for the year ending April 30, 1897, would be paid May 1, 1897, and that the bank would then proceed to liquidate. This interest was paid as called for. In the process of liquidation, 100 per cent has been paid the general depositors in various dividends. The interest on the deferred dividends at three and one half per cent amounts to more than the sum in the hands of the receiver. The general depositors and the depositors for the guaranty fund each claimed this sum. Subject to exception by the depositors for the guaranty fund, a decree was entered in favor of the general depositors.

*George B. French*, for Farley, receiver.

*Harry P. Greeley*, for the guaranty fund depositors.

*Walter C. Harriman, William H. Barry,* and *Burnham, Brown, Jones & Warren,* for the general depositors.

PARSONS, C. J.   The defendant bank under its charter was authorized to receive deposits of money on such terms and conditions as might be prescribed by it or its trustees, or be agreed to by the parties making the same, and to receive special deposits to constitute a permanent guaranty fund.   Laws 1879, c. 131, ss. 2, 3. The charter contemplates two classes of depositors: "general depositors" and "special depositors for the guaranty fund."   In the ordinary savings bank the general depositors in some respects are stockholders, and their claims in case of insolvency are postponed to the claims of creditors.   *Francestown Savings Bank Case*, 63 N. H. 138, 142; *Hall* v. *Paris*, 59 N. H. 71; *Cogswell* v. *Bank*, 59 N. H. 43; *Simpson* v. *Bank*, 56 N. H. 466.   But by force of the special provisions of the defendants' charter, as between the "general depositors" and the "special depositors for the guaranty fund," the general depositors stand as creditors and the special depositors as stockholders.   The general depositors have no part in the management of the bank or share in its profits.   They are entitled merely to interest upon their deposit and to its repayment according to the terms upon which it was entrusted to the corporation.   The special depositors may vote in the choice of officers, being entitled to one vote for each $100 deposited, are not entitled to interest, but are entitled to share in the net profits of the bank; their deposit is taxable as stock in banks, and the fund created by these deposits the bank is obliged to keep as a guaranty for the repayment of the general deposits.   Laws 1879, c. 131.

By force of the relation created by the charter, the special depositors, as stockholders, could not share in the distribution of the corporate assets until the claims of all creditors, including the general depositors, were paid.   *Hall* v. *Paris*, 59 N. H. 71, 72; P. S., c. 162, s. 20.   To the same effect is the express provision of the charter, that in case of the insolvency of the bank "the general deposits shall have precedence of payment from the assets of the bank before payment from said assets on account of said guaranty fund."   Laws 1879, c. 131, s. 3.   The bank has been in process of liquidation, and in compliance with general law and the special provisions of the charter the proceeds of the assets have been paid to the general depositors.   The only question raised by the claim of the special depositors to the remaining assets is whether the claims of the general depositors have been fully paid.   They have been paid the principal of their deposits and the interest agreed upon up to May 1, 1897,—the date when the bank voluntarily went into liquidation.   The question is whether their claims have been paid in full, although no interest has been allowed them since May 1, 1897.

The charter provided that the general deposits should be enti-

tled to such rate of interest as might be prescribed or agreed upon. Under the regulations prescribed, the general depositors had also the right to withdraw their deposits upon certain terms as to notice. So long as the general depositors voluntarily permitted their money to remain on deposit, such action constituted an assent to the rate of interest proposed to be paid by the bank. If they were notified that the bank refused in the future to pay any interest, and did not withdraw their deposit when they could do so, they would be estopped to claim interest. *Parsons* v. *Treadwell,* 50 N. H. 356; 364, 365. The agreement of the bank, as contained in the rules and regulations established by the trustees, was to declare a dividend May 1 each year, of three and one half per cent per annum, on the deposits then in the bank, reckoning only whole months. This agreement was kept up to May 1, 1897, when the depositors were notified that the bank would go into liquidation. No dividends of interest have since been declared. If the notice of intended liquidation was a notice that no further dividends of interest would be declared, it was also a notice that depositors would not be permitted to withdraw their funds, but must accept them through the process of liquidation. It was therefore notice of the intended breach of the contract to pay interest and to repay the principal. As the depositors could not withdraw their deposits, they are not now estopped to claim their legal damages for the breach of the bank's contract to pay both principal and interest. Interest is the damages the law allows for the failure to pay money when due. *Peirce* v. *Rowe,* 1 N. H. 179; *Swamscott Machine Co.* v. *Partridge,* 25 N. H. 369, 380; *Parsons* v. *Treadwell,* 50 N. H. 356, 365. As the general depositors were entitled to their deposit at the time when the bank went into liquidation, they are entitled to the damages the law allows for its detention. Until that amount is received by them, they have not been repaid. The special " deposits for the guaranty fund " are not entitled to share in the assets until such repayment is made.

As the fund is not sufficient to pay three and one half per cent, —the contract rate when the bank ceased to operate as a bank,— it is not necessary to consider whether after the breach the general depositors could claim interest at a higher rate.

*Exception overruled.*

All concurred.