**PEOPLE'S TRUST CO. et al. v. UNITED STATES.**

Circuit Court of Appeals, First Circuit.
January 13, 1928.

No. 2163.

1. **Banks and banking** ⬅63½—**State bank commissioner, winding up affairs of insolvent bank, acts as officer of court (Pub. Laws N. H. 1926, c. 268).**

State bank commissioner, in winding up affairs of insolvent bank, under Pub. Laws N. H. 1926, c. 268, does not act merely in an executive or administrative capacity, but as an officer of the court in the nature of a receiver.

2. **Courts** ⬅497—**Pendency of proceeding in rem in state court bars suit in federal District Court involving same subject-matter, though United States is party.**

Federal District Court has no jurisdiction to entertain bill to which United States is party, where prior suit involving same subject-matter is pending in state court, provided state court proceeding is in rem, or involves exercise of discretion or control over fund in custody of commissioner, since exercise by another court of jurisdiction over same res may defeat jurisdiction of court in which original action was brought.

3. **Courts** ⬅504—**State court proceedings for liquidation of insolvent bank, and intervention of United States therein to establish claim, held in rem, precluding subsequent exercise of jurisdiction by federal court in suit to establish priority (Pub. Laws N. H. 1926, c. 268, §§ 13–15; 31 USCA § 191).**

Equity proceeding, instituted against insolvent bank by commissioners relating to its liquidation, under Pub. Laws N. H. 1926, c. 268, and intervention therein by United States, looking to proof of claim under section 13, *held* proceeding in rem, which deprived federal court of jurisdiction in subsequent action in equity brought by United States, under Rev. St. § 3466 (31 USCA § 191), to adjudicate priority of claim, after priority had been denied in state court, notwithstanding sections 13–15 of chapter 268, authorizing suit in nature of appeal after rejection of claim.

4. **Banks and banking** ⬅76—**State statute authorizing suit by creditor of insolvent bank after rejection of claim merely permits suit in state court in nature of appeal (Pub. Laws N. H. 1926, c. 268, § 15).**

Pub. Laws N. H. 1926, c. 268, § 15, relating to liquidation of insolvent banks in equity proceedings by commissioners, and authorizing suit on rejected claims within six months, *held* to authorize proceedings in state court only in nature of appeal, and not to permit commencement of suit in federal District Court, in view of sections 13, 14.

5. **Banks and banking** ⬅76—**Determination of priority of claims against insolvent bank is for superior court (Pub. Laws N. H. 1926, c. 268, § 19).**

The bank commissioner has authority to allow or reject a claim and report the same to superior court in proceedings for liquidation of insolvent bank, under Pub. Laws N. H. 1926, §§ 13, 14, but no authority to pass on its priority; questions of priority or order of payment are for determination of superior court, on distribution under section 19.

6. **Banks and banking** ⬅80(4)—**State statute relative to distribution of assets of insolvent banks does not determine order of claim given priority under federal law (Pub. Laws N. H. 1926, c. 268, § 29).**

Pub. Laws N. H. 1926, c. 268, § 29, relative to order of distribution of claims against insolvent bank, does not determine order of distri-

bution of claims, where claim is given priority under federal law, since federal law is supreme.

**7. Banks and banking ⊕⇒80(4)—Distribution of assets of insolvent bank is determined in connection with statute governing distribution of property of insolvent persons (Pub. Laws N. H. 1926, c. 268, § 29; c. 401, § 31).**

Pub. Laws N. H. 1926, c. 268, § 29, relative to order of distribution of proceeds of insolvent bank, must be construed with reference to provisions of chapter 401, § 31, providing for distribution of proceeds of property of insolvent persons.

**8. Courts ⊕⇒394(1)—If United States asserts claim against insolvent bank under state and federal statutes, granting priority, it may have question reviewed by United States Supreme Court (31 USCA § 191; Pub. Laws N. H. 1926, c. 401, § 31).**

If United States asserts its right to priority of claim against insolvent bank under Rev. St. § 3466 (31 USCA § 191), and Pub. Laws N. H. 1926, c. 401, § 31, giving debts of United States priority, question may be reviewed by the state Supreme Court, and ultimately by Supreme Court of United States, on ground of federal question, in case of denial of priority by state courts.

Appeal from the District Court of the United States for the District of New Hampshire; George F. Morris, Judge.

Suit in equity by the United States against the People's Trust Company and others. Decree for the United States (17 F. [2d] 437), and defendants appeal. Decree of District Court vacated, and case remanded, with directions.

Robert W. Upton, of Concord, N. H., for appellants.

Raymond U. Smith, U. S. Atty., of Woodsville, N. H.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a bill in equity, brought November 12, 1925, to establish a claim amounting to $2,221.40, said to be due the United States, and its priority under section 3466 of the Revised Statutes (31 USCA § 191). The case is here on appeal from a decree of the federal District Court of New Hampshire in favor of the complainant. The appellants are the People's Trust Company, a bank organized under the laws of New Hampshire, Arthur E. Dole, bank commissioner, George E. Farrand, deputy bank commissioner, and James E. Farrell, agent for the bank commissioner.

In January, 1925, the then bank commissioners of the state brought a petition in equity against the trust company in the superior court of the state, wherein they alleged

that "it is judged by them to be necessary for the public safety that said corporation should not continue to transact business," and prayed that the corporation and officers be enjoined from transacting business. January 13th a decree was entered as prayed for. On January 30, 1925, upon a further petition of like character, the state court entered a decree directing the bank commissioners to forthwith take possession of the property and business of the bank, and retain the same until the bank should resume business or its affairs be liquidated as provided by law, which they did. The bank, though duly served with notice, filed no answer to the petitions upon which these decrees were entered, and made no defense. By an act of the Legislature of the state, effective July 1, 1925, the old bank commissioners went out of office and were succeeded by Commissioner Dole, Deputy Commissioner Farrand, with James E. Farrell as agent, who have had possession of the property and business of the trust company since July 1, 1925, under decrees of the court, and are liquidating its affairs.

January 13, 1925, when the bank was closed by order of the state court, two postmasters, who were entitled to deposit postal funds in the bank, had on deposit therein $2,221.40, the property of the United States.

The liquidation of the bank is being and has been carried on under the direction of the court in the equity proceeding instituted by the commissioners, pursuant to chapter 268, Pub. Laws N. H., relating to the liquidation of such an insolvent bank. As required by section 13 of that act, notice was given, calling on all persons having claims against the bank to present them to the commissioner on or before June 8, 1925, and make legal proof thereof. In compliance therewith the complainant seasonably made and presented to the commissioner proof of its claim, which was allowed as to amount, but not as to priority. Thereafter, and within six months after receiving notice of this action of the commissioner, the complainant brought this bill in the federal District Court for New Hampshire. The defendants move to dismiss the bill for want of jurisdiction, in that the complainant had duly submitted its claim to the state court in the equity proceeding against the bank, which had been allowed as a just and valid claim although its priority was denied. The motion was denied, and the defendants excepted.

An answer having been filed and trial had, the court entered a decree to the effect that the complainant on the 30th day of January, 1925, had on deposit in the bank $2,221.40,

which had not been repaid; that it was entitled to have its claim paid prior to other claims; that defendants had possession of all the assets of the bank, and more than sufficient to pay the claim; and that they should pay the complainant, out of the funds of the bank in their hands, the above sum, with interest from October 6, 1925, and costs.

It is this decree that is appealed from. The assignments of error relied upon are that the court erred: (1) In holding that it had jurisdiction; (2) in holding that the taking over of the property and business of the bank by the commissioners was an act of bankruptcy, and that the complainant was entitled to priority under section 3466.

[1] The bank commissioner, in winding up the affairs of an insolvent bank under the New Hampshire statute (P. L. c. 268), does not act merely in an executive or administrative capacity, but as an officer of the court in the nature of a receiver, and it is in this aspect, and the fact that the complainant, before bringing this bill in the District Court, intervened in the original equity proceeding in the state court, and presented and established the validity of its claim, except as to priority, that the present case differs, so far as the question of jurisdiction is concerned, from that of Allen v. United States (C. C. A.) 285 F. 678; for in that case it appeared that the commissioner acted only in an administrative or executive capacity, and that the complainant had not presented and proved its claim before the commissioner.

[2] It must be conceded that the District Court, as a federal court, had jurisdiction and authority to entertain the complainant's bill, the United States being a party, and that the pendency of a prior suit in the state court, involving the same subject-matter, would not operate as a bar to the present bill and justify its dismissal (Boston & Maine R. R. v. Dutille [C. C. A.] 289 F. 320), unless the original proceeding against the bank in the state court, in which the complainant intervened and proved its claim, was a proceeding in rem, or involved the exercise of possession or control over the fund in the custody and possession of the commissioner. Kline v. Burke Construction Co., 260 U. S. 226, 229, 230, 231, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077; General Outdoor Advertising Co. v. Williams (C. C. A.) 12 F.(2d) 773, and cases there cited. The reason for the exception is that, where the prior action is in rem, the effect is to draw to the court where that action is pending the possession or control, actual or potential, of the res, and the exercise by another court of jurisdiction over

the same res necessarily impairs, and may defeat, the jurisdiction (that has already attached) of the court in which the prior action was brought. Kline v. Burke Constr. Co., supra, at page 229 (43 S. Ct. 81); Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77, 88, 89, 43 S. Ct. 480, 67 L. Ed. 871.

[3] It must be conceded that the original bill brought in the state court against the bank, the purpose and effect of which was the seizure and distribution of its assets among its creditors, was a proceeding in rem; and it must likewise be conceded that the complainant's intervention and proof of claim in that proceeding, and of which it thereby became a part, was a proceeding in rem, not in personam, for what the complainant sought was a judgment against the funds of the bank in the possession and control of the commissioner, under a decree of the state court. As the claimant has already prosecuted its claim in the state proceedings, the case does not fall under the doctrine of Waterman v. Canal, etc., Bank, 215 U. S. 33, 30 S. Ct. 10, 54 L. Ed. 80. The District Court, therefore, was without jurisdiction to entertain the bill.

[4] In its decision the District Court proceeded upon the theory that section 15, chapter 268, of the New Hampshire statute, authorized the bringing of this proceeding in the federal court, if the claim upon which it was based had been presented to and rejected by the commissioner and the proceeding was begun within six months after notice of rejection. See sections 13, 14, chapter 268. In other words, that these conditions were conditions precedent to the maintenance of an action on a claim in the federal court. We do not think this is so. McClellan v. Carland, 217 U. S. 268, at page 281, 30 S. Ct. 501, 504, 54 L. Ed. 762. These prerequisites apply only where the suit on a rejected claim is brought in the state court, for the suit authorized by section 15, chapter 268, is in the nature of an appeal, and, being of that nature, the state court alone would have jurisdiction over it.

[5] Then, again, the commissioner under sections 13 and 14, chapter 268, is authorized to allow or reject claims. He has no authority to pass upon the question of priority. Having allowed the complainant's claim and reported it to the superior court in the list of claims passed upon by him, the questions of priority or order in which payment should be made upon it and other allowed claims, and the amounts that should be paid at a given time, are for the superior court to determine in its decree of distribution. Section 19, chapter 268.

[6-8] The provisions of section 29, chapter 268, are not determinative of the order in which distribution should be made where an allowed claim is given priority under federal law, for the federal law is supreme. Nor are they determinative of how distribution should be made where an allowed claim of the United States is entitled to priority under a local statute of the state. The provisions of section 29, which concern the distribution of the proceeds of the property of an insolvent bank, are to be construed with reference to the provisions of chapter 401, § 31, Pub. Laws N. H., providing for the distribution of the proceeds of property of insolvent persons. Jones v. Arena Publishing Co., 171 Mass. 22, 29, 50 N. E. 15. It is there (section 31) provided that "debts due the United States and all taxes" shall be entitled to priority and shall be paid in full, and this without regard to the limitations imposed by Rev. Stat. § 3466. Had the complainant asserted its right to priority under section 3466 of the Revised Statutes and section 31, c. 401, of Pub. Laws N. H., in the superior court of the state, or if it shall hereafter do so, and if by the decree of distribution its claim to priority should be denied, it may have the question reviewed in the Supreme Court of the state. Bank Commissioner v. New Hampshire Banking Co., 74 N. H. 292, 67 A. 583. And if the Supreme Court of the state should deny its right to priority it may have the matter reviewed by the Supreme Court of the United States on the federal question presented by section 3466.

The decree of the District Court is vacated, and the case is remanded to that court, with directions to dismiss the same for want of jurisdiction.