## FRANCESCHI et al. v. DE TORD et al.
### No. 2907.

Circuit Court of Appeals, First Circuit.
May 18, 1934.

Henry G. Molina, of San Juan, P. R., for appellants.

Vicente Zayas Pizarro, of Ponce, P. R., for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the federal District Court of Puerto Rico dismissing the plaintiffs' suit. The plaintiffs, in their original and amended complaints, alleged that they are residents and citizens of the republic of France; that the defendant De Tord is a citizen of Spain and the defendant Pizarro a citizen of the United States, both residing in Puerto Rico; that the amount in controversy, exclusive of interest and costs, exceeds $3,000; and that the defendants are lawyers practicing law in Puerto Rico as partners, under the name of Lopez De Tord & Zayas Pizarro.

For a first cause of action it is alleged that on or about May 14, 1928, the plaintiffs employed the defendants to collect certain notes made by one Gonzalez in favor of Francisco Maria Franceschi, which notes on said date were their property; that the defend-

ants accepted the employment and undertook to do what .was necessary and proper to collect the notes; that on or about May 29, 1928, the defendants filed a suit in the district court of Ponce in the plaintiffs' name and on their behalf against said Gonzalez to collect said notes; that, because of their negligence and want of skill in bringing and prosecuting the suit, a judgment was entered dismissing the action with costs; that thereafter the defendants negligently and wrongfully advised the plaintiffs to appeal to the Supreme Court of Puerto Rico, which court affirmed the judgment; and that thereafter the defendants negligently and contrary to instructions prosecuted an appeal from the judgment of said Supreme Court to the Circuit Court of Appeals, which court affirmed the judgment; and that, in consequence of said negligence and want of skill, or the bad faith of the defendants in unnecessarily prosecuting the same in order to recover fees from the plaintiffs, they have sustained damage in excess of $4,000.

As a second cause, it is alleged that on or about the 14th day of May, 1928, the plaintiffs employed the defendants to collect a certain mortgage indebtedness due and owing the plaintiffs by the Knights of Columbus Building Association, a corporation; that the defendants accepted the employment and undertook to collect the mortgage indebtedness in a proper, skillful, and diligent manner; that the mortgage debtor had no assets except the land and building mortgaged to secure the payment of the indebtedness; that the mortgage debtor made an offer to the defendants to deliver the property to the plaintiffs without foreclosure proceedings, but the defendants negligently and/or in bad faith instituted an unnecessary foreclosure proceeding in the district court of San Juan against said corporation and caused the mortgaged property to be sold at public auction by the marshal of said court; that said foreclosure action was so negligently and unskillfully conducted by the defendants that thereafter said corporation brought suit and had the proceedings set aside and declared void; and that, in consequence of said negligence and bad faith, the plaintiffs sustained damage in excess of $5,000.

For their third cause, the plaintiffs allege that on or about October 15, 1928, one Gaston brought suit against the plaintiffs in the district court of Ponce, wherein he claimed to be the natural recognized child of Francisco Maria Franceschi and as such entitled to two-thirds of his estate; that the defendants were retained to defend the plaintiffs in said suit and undertook to do so in a proper, skillful, and diligent manner; that said Gaston's cause. of action was barred by prescription; that the defendants set up said defense; that the defense was sustained in the district court of Ponce and the judgment affirmed in the Supreme Court of Puerto Rico on March 31, 1932; that it was of the utmost importance to the plaintiffs that said suit be diligently prosecuted and final judgment be entered dismissing the complaint; that such judgment could and should have been seasonably entered in the district court of Ponce and affirmed in the Supreme Court had the defendants properly and diligently attended to the defense; that the defendants, in order to bolster up a bill for services and to delay the final distribution of the estate of said Francisco Maria Franceschi and in order that they might continue to collect fees as attorneys for the judicial administrator, negligently and in bad faith permitted final decision of said complaint to be delayed until March 31, 1932; and that, in consequence of said negligence and bad faith, the plaintiffs were damaged in excess of $3,000.

As a fourth cause, it is alleged that on or about May 14, 1928, the plaintiffs employed the defendants to liquidate and settle the estate of Francisco Maria Franceschi, who died at Ponce on October 1, 1927, leaving a will in which he made the plaintiffs his sole heirs, appointed executors, and prohibited the judicial administration of his estate; that the defendants accepted said employment and undertook to procure the liquidation and settlement of the estate within a few months; that the defendants unnecessarily on or about June 18, 1928, brought a proceeding in the district court of Ponce for the judicial administration of the estate and later prosecuted the same with such negligence, lack of due diligence and skill that the estate has not yet been finally distributed to the plaintiffs; that the defendants deliberately and unnecessarily continued the administration proceedings for the purpose of building up a large claim for fees; that, had the. defendants properly, skillfully, and diligently attended to said matter, the estate would have been distributed to the plaintiffs as sole heirs within six months after said retainer or employment; and that, on account of said negligence and bad faith, the plaintiffs were damaged in the sum of $30,000.

As a fifth cause, it is alleged that on or about May 14, 1928, the plaintiffs employed the defendants to collect sums due. and owing

them by numerous debtors evidenced by certain promissory notes and mortgages; that the defendants accepted said employment and undertook to make such collections in a proper and skillful manner as attorneys for the plaintiffs; that said notes and mortgage accounts could have been collected by negotiations with the debtors without the necessity of judicial action; that the defendants negligently, unnecessarily, and with the sole purpose of creating or increasing their bill for services against the plaintiffs brought the following actions in the name and on behalf of the plaintiffs against the debtors, hereinafter mentioned, in the district courts of Ponce, Arecibo and Guayama (setting out twelve distinct suits and specifically stating the court in which each suit was brought, its number, the parties thereto, the date of filing, and the date it was concluded); and that, in consequence of the negligence and unnecessary institution of said suits, the plaintiffs had sustained damage in the sum of $17,500.

To this complaint the defendants filed a demurrer and as grounds therefor alleged:

(1) That none of the causes of action stated in the amended complaint alleged facts sufficient to constitute a cause of action.

(2) That the federal District Court of Puerto Rico was without jurisdiction to entertain the complaint as to any of its causes of action, for the reason that it appears in the complaint and specifically in its fourth cause of action that a judicial administrator was appointed with the plaintiffs' consent in proceedings brought in the district court of Ponce, which are still pending, and that all the things and acts done by the defendants and of which the plaintiffs now complain were done by said defendants as attorneys for the judicial administrator.

(3) That there is a misjoinder of parties plaintiff because it is alleged in the complaint that the estate is under judicial administration in the district court of Ponce and it appears that the proceedings are not terminated, and that, while said proceedings are pending, the only party who can sue for damages suffered by the estate is the judicial administrator, that the amended complaint seeks damages alleged to have been suffered by the estate or by the plaintiffs as heirs, and that therefore, plaintiffs are not the proper or necessary parties to the litigation.

The fourth, fifth, and sixth grounds of demurrer allege, in substance, that the amended complaint, and specifically in its fifth cause of action, is ambiguous, doubtful, and uncertain, or unintelligible "because in the same are joined fourteen distinct and separate causes of action without stating the same separately."

On August 25, 1933, the District Court sustained the defendants' demurrer "as to each and every ground thereof and for the reasons therein stated," and on September 6, 1933, entered a judgment of dismissal, from which this appeal is prosecuted.

The assignments of error are, in substance, that the court erred in holding (1) that the amended complaint in none of its alleged causes states a cause of action; (2) that it was without jurisdiction to entertain the causes; (3) that the district court of Ponce had exclusive jurisdiction of all the causes of action alleged; (4) that there is a misjoinder of parties plaintiff; (5) that the amended complaint, in the fifth cause of action, is ambiguous, doubtful, and uncertain, or unintelligible, because in the same are joined fourteen distinct and separate causes of action without stating them separately; and (6) in entering judgment dismissing the amended complaint.

The defendants have filed a motion to dismiss this appeal. The first ground of the motion embodies two grounds which are the same as the second and third grounds of their demurrer (a) that the District Court was without jurisdiction because a judicial administrator had been appointed in the proceedings in the district court of Ponce in respect to the estate and the proceedings were still pending, and that the acts of which the plaintiffs complain were done by the defendants as attorneys for the judicial administrator; and (b) that necessary parties plaintiff were wanting because the judicial administrator was not joined.

The second ground is that the plaintiffs failed to amend their amended complaint after the demurrer was sustained and a judgment of dismissal was entered.

The third is that the plaintiffs filed their appeal from the judgment rendered against them seasonably—that is, on December 25, 1933, the last day allowed by law.

The fourth is that on the 26th day of December, 1933, after the appeal was taken, the plaintiffs filed in the district court of Ponce an answer to the defendants' petition for allowance of fees as attorneys for the heirs and executors and administrator in the liquidation and winding up of the estate; that the plaintiffs included as a part of their answer a counterclaim against the defendants consist-

ing of the same causes of action alleged in the present complaint.

The fifth is that the judicial administrator was a party to the testamentary or probate proceedings in the district court of Ponce and he has been ordered by the court to answer the defendants' petition for allowance of attorneys' fees.

The sixth ground is that the plaintiffs, by filing their counterclaim in the district court of Ponce, elected that court in which to try the issues raised by their counterclaim, and abandoned the present appeal; also that, by filing their counterclaim in the district court of Ponce, they have acquiesced in and executed the judgment appealed from, rendering the suit academic.

Inasmuch as the first ground of the motion includes two grounds upon which the demurrer was sustained, both of which are included in the plaintiffs' assignments of error, we will pass them until we come to consider the assignments.

The second and third grounds of the motion are wholly frivolous. They in no way question our jurisdiction to entertain this appeal.

The fourth is said to question our jurisdiction because, after the plaintiffs brought this suit and after the appeal was taken, they filed an answer to the defendants' suit against the estate for the allowance of attorneys' fees, which included a counterclaim for the same causes of action set out in this suit. In other words, it would seem that the defendants' contention is that the federal court in which the prior action was pending lost its jurisdiction over it when the later action for the same cause was brought in the Ponce court, a court of concurrent jurisdiction. This is plainly not so. The pendency of a prior suit is, as a rule, the basis of a plea in abatement of a later one brought in the same court. Barker v. Eastman, 76 N. H. 277, 82 A. 166. But even this is not so when one of the suits is brought in a federal court and the other in a state court of concurrent jurisdiction, and the judgment sought is a personal one. See General Outdoor Advertising Co. v. Williams (C. C. A.) 12 F. (2d) 773; People's Trust Co. v. United States (C. C. A.) 23 F. (2d) 381, 383; Boston & Maine R. R. v. Dutille (C. C. A.) 289 F. 320; Kline v. Burke Construction Co., 260 U. S. 226, 229, 230, 231, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077.

The island district court of Ponce stands in the same relation to the federal District Court as does a state court so far as this question is concerned. The plaintiffs, being citizens of France, could have brought a suit embodying the matters in question either in the federal District Court or in the district court of Ponce, but, having first brought suit in the federal court, by subsequently bringing one for the same causes in the district court of Ponce, the federal court did not lose jurisdiction.

The fifth reason assigned for the dismissal of the appeal, that the judicial administrator is a party to the defendants' suit for fees in the district court of Ponce and has been ordered to answer or plead thereto, presents no ground for its dismissal. It in no way concerns the jurisdiction of either the federal District Court or of this court.

The sixth reason for dismissal is highly fantastic. It is, in substance, that the plaintiffs, by filing their counterclaim in the district court of Ponce, elected to abandon their appeal which they are now here vigorously seeking to prosecute. As above said, they were entitled to prosecute their claims in either court and by filing their counterclaim in the district court of Ponce they neither elected to abandon nor abandoned the prosecution of their suit pending in the federal court.

The defendants' motion to dismiss the appeal is denied for the reason that the grounds we have just considered are without merit and the remaining two are of like character, as we shall hereafter point out in considering the plaintiffs' assignments of error.

The several causes of action stated in the complaint are not for breach of contract, but are actions of tort. In none of them is the contract set out for the purpose of showing that its obligations have been broken, but for the purpose of showing the relationship existing between the parties and the duty imposed by law arising out of that relationship. Attleboro Mfg. Co. v. Frankfort Marine, etc., Ins. Co. (C. C. A.) 240 F. 573, 579. In that case it is said:

"The rule of reasonable care which lies at the foundation of actions for negligence has to do with one's acts with reference to the person, property, or rights of another. 'It is a rule of relation. If there be no relation, there is nothing upon which the rule can operate. * * * Unless and until one is brought into relation with other men, or property, or rights, he has no obligation to act with reference to them; and this is true whether the obligation be called legal, moral, or reasonable.' Garland v. Boston & Maine

R. R., 76 N. H. 556, 563, 86 A. 141, 142, 46 L. R. A. (N. S.) 338, Ann. Cas. 1913E, 924. * * *"

And it is there further said:

"It is also a well-recognized rule that, where the only relation between the parties is contractual, the liability of one to the other, in an action of tort for negligence, must arise out of some positive duty which the law imposes because of the relationship or because of the negligent manner in which some act which the contract provides for is done, and that the mere breach of an executory contract, where there is no general duty, is not the basis of such an action. Dustin v. Curtis, 74 N. H. 266, 268, 67 A. 220, 11 L. R. A. (N. S.) 504, 13 Ann. Cas. 169, and cases there cited."

In other words, an action of tort for negligence cannot be maintained unless the defendants' conduct constituted the breach of a duty imposed by law apart from its being a breach of an obligation created by agreement of the parties.

While in the causes of action stated in the complaint, the plaintiffs have set out the contract of employment, that was not for the purpose of showing that its obligations have been broken, but that a relationship existed between the parties out of which arises a duty imposed by law. When the relationship of client and attorney exists, the law imposes duties regulating that relationship. The nature of these duties is adequately stated in 6 Corpus Juris, 682, as follows:

"It is the duty of an attorney to bring to the conduct of his client's business the ordinary legal knowledge and skill common to members of the legal profession; to act toward his client with the most scrupulous good faith and fidelity; and to exercise, in the course of his employment, that reasonable care and diligence which is usually exercised by lawyers."

In each of the causes of action stated in the complaint it is alleged that the defendants, in their capacity of attorneys at law, were employed by the plaintiffs to do certain specified things, that they entered upon their employment as such attorneys, but, in what they did, acted so unskillfully, negligently and/or in bad faith as to cause the plaintiffs damage. Each cause sets out, not only the particular matter with reference to which they were employed, but what they entered upon and actually undertook to do, and we are of the opinion that each adequately states a cause of action and that the first ground of demurrer cannot be sustained.

The second ground of demurrer likewise cannot be sustained. The fact that it appears in the fourth cause that a judicial administrator had been appointed in the district court of Ponce in respect to the estate of Francisco Maria Franceschi would not deprive the federal District Court of jurisdiction of this suit and would not make the acts done by the defendants as attorneys for the plaintiffs acts done for the judicial administrator, as the defendants apparently state in their second ground of demurrer. Their demurrer admits that they were employed by the plaintiffs—not by the judicial administrator—as attorneys to do the specific things alleged in the respective causes of action, that they entered upon the performance of those duties, and, in their performance, acted unskillfully, negligently and/or in bad faith, to the plaintiffs' damage. It was not open to the defendants to contradict these allegations of the complaint, as they attempt to do in their second ground of demurrer, or to allege and have considered other facts not alleged in the complaint.

The third ground of demurrer should have been overruled. The undertaking of the defendants, according to the allegations in the various causes of action, was with the plaintiffs themselves, not with the judicial administrator. The plaintiffs, therefore, were proper parties to enforce the duties which the defendants undertook and entered upon the performance of. The administrator was not a necessary party.

The fourth, fifth, and sixth grounds of demurrer in reality are the same. They, like the others, cannot be sustained. They all relate to the fifth alleged cause of action. That cause was not rendered ambiguous, doubtful, and uncertain, or unintelligible because the defendants are alleged therein to have brought some twelve different suits negligently, unnecessarily, and with the sole purpose of creating or increasing their bill for services against the plaintiffs. On the contrary, they are allegations of specific acts of negligence done by the defendants in violation of their duty as plaintiffs' attorneys, and as a consequence of which the plaintiffs were damaged.

The judgment of the District Court of Puerto Rico is vacated, and the case is remanded to that court for trial, with costs to the appellants.