KLINE ET AL., AS THE BOARD OF IMPROVE-
MENT OF PAVING IMPROVEMENT DISTRICT
NO. 20, OF THE CITY OF TEXARKANA, ARKAN-
SAS, *v.* BURKE CONSTRUCTION COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
EIGHTH CIRCUIT.

No. 81.　Argued October 19, 20, 1922.—Decided November 20, 1922.

1. Where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect would be to defeat or impair the jurisdiction of the federal court. P. 229.

2. But where the actions in both causes are *in personam,* seeking only money judgments, jurisdiction in the one is not affected by the other, and there is no basis for such an injunction. P. 230.

3. The right of a citizen to prosecute his cause against a citizen of another State in the federal court is not a right granted by the Constitution; and it affords no ground upon which that court may assume jurisdiction to enjoin the defendant from prosecuting a counter action, on the same contract, in a state court. P. 233.

271 Fed. 605, reversed.

CERTIORARI to a decree of the Circuit Court of Appeals, reversing a decree of the District Court, which denied an

injunction, in a dependent suit brought by the present respondent to restrain the petitioners from prosecuting a suit in a state court.

*Mr. William H. Arnold* and *Mr. Frank S. Quinn,* with whom *Mr. William H. Arnold, Jr.,* and *Mr. David C. Arnold* were on the brief, for petitioners.

*Mr. James B. McDonough* for respondent.

Mr. Justice Sutherland delivered the opinion of the Court.

The Burke Construction Company, a corporation organized under the laws of the State of Missouri, brought an action at law against petitioners in the United States District Court for the Western District of Arkansas on February 16, 1920. The jurisdiction of that court was invoked upon the ground of diversity of citizenship, the petitioners being citizens of the State of Arkansas. The action was for breach of a contract between the parties, whereby the Construction Company had engaged to pave certain streets in the town of Texarkana. A trial was had before the court and a jury which resulted in a disagreement.

Subsequent to the commencement of the action by the Construction Company, viz., on March 19, 1920, petitioners instituted a suit in equity against that Company in a state chancery court of the State of Arkansas, upon the same contract, joining as defendants the sureties on the bond which had been given for the faithful performance of the contract. The bill in the latter suit alleged that the Construction Company had abandoned its contract and judgment was sought against the sureties as well as against the company. The bill asked an accounting with reference to the work which had been done and which remained to be done under the contract, and prayed judgment in the sum of $88,000.

In the action brought by the Construction Company the petitioners filed an answer and cross complaint, setting up, in substance, the same matters which were set forth in their bill in the state court. In the equity suit the Construction Company filed an answer and cross complaint, setting up the matters charged in its complaint in the action at law. Thus the two cases presented substantially the same issues, the only differences being those resulting from the addition of the sureties as parties defendant in the equity suit. Both actions were *in personam*, the ultimate relief sought in each case being for a money judgment only.

The equity suit was removed to the United States District Court upon the petition of the Construction Company upon the ground that the Company and the petitioners were citizens of different States and that the controversy between them was a separable controversy, and upon the further ground that a federal question was involved. Petitioners moved to remand. The District Court sustained the motion and the equity suit was thereupon remanded to the State Chancery Court, where it is still pending.

After the mistrial of the action at law in the United States District Court, the Construction Company filed a bill of complaint as a dependent bill to its action at law, by which it sought to enjoin the petitioners from further prosecuting the suit in equity in the State Chancery Court. The United States District Court denied the injunction and an appeal was taken to the Circuit Court of Appeals for the Eighth Circuit. That court reversed the decision of the District Court and remanded the case with instructions to issue an injunction against the prosecution of the suit in equity in the State Chancery Court. From that decree the case comes here upon writ of certiorari.

Section 265 of the Judicial Code provides: " The writ of injunction shall not be granted by any court of the

United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." But this section is to be construed in connection with § 262, which authorizes the United States courts " to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." See *Julian* v. *Central Trust Co.,* 193 U. S. 93, 112; *Lanning* v. *Osborne,* 79 Fed. 657, 662. It is settled that where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court. Where the action is *in rem* the effect is to draw to the federal court the possession or control, actual or potential, of the *res,* and the exercise by the state court of jurisdiction over the same *res* necessarily impairs, and may defeat, the jurisdiction of the federal court already attached. The converse of the rule is equally true, that where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same *res* to defeat or impair the state court's jurisdiction.

This Court in *Covell* v. *Heyman,* 111 U. S. 176, 182, said:

" The forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity, with perhaps no higher sanction than the utility which comes from concord; but between State Courts and those of the United States, it is something more. It is a principle of right and of law, and therefore, of necessity. It leaves nothing to discretion or mere convenience. These courts do not belong to the same sys-

tem, so far as their jurisdiction is concurrent; and although they co-exist in the same space, they are independent, and have no common superior. They exercise jurisdiction, it is true, within the same territory, but not in the same plane; and when one takes into its jurisdiction a specific thing, that *res* is as much withdrawn from the judicial power of the other, as if it had been carried physically into a different territorial sovereignty. To attempt to seize it by a foreign process is futile and void. The regulation of process, and the decision of questions relating to it, are part of the jurisdiction of the court from which it issues."

And the same rule applies where a person is in custody under the authority of the court of another jurisdiction. *Ponzi* v. *Fessenden,* 258 U. S. 254.

But a controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of *res adjudicata* by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case. The rule, therefore, has become generally established that where the action first brought is *in personam* and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded. *Stanton* v. *Embrey,* 93 U. S. 548; *Gordon* v. *Gilfoil,* 99 U. S. 168, 178; *Hunt* v. *New York Cotton Exchange,* 205 U. S. 322, 339; *Insurance Company* v.

*Brune's Assignee,* 96 U. S. 588, 592; *Merritt v. American Steel-Barge Co.,* 79 Fed. 228; *Ball* v. *Tompkins,* 41 Fed. 486; *Holmes County* v. *Burton Construction Co.,* 272 Fed. 565, 567; *Standley* v. *Roberts,* 59 Fed. 836, 844–5; *Green* v. *Underwood,* 86 Fed. 427, 429; *Ogden City* v. *Weaver,* 108 Fed. 564, 568; *Zimmerman* v. *So Relle,* 80 Fed. 417, 419–420; *Baltimore & Ohio R. R. Co.* v. *Wabash R. R. Co.,* 119 Fed. 678, 680; *Guardian Trust Co.* v. *Kansas City Southern Ry. Co.,* 146 Fed. 337, 340; . *Guardian Trust Co.* v. *Kansas City Southern Ry. Co.,* 171 Fed. 43; *Woren* v. *Witherbee, Sherman & Co.,* 240 Fed. 1013; *Stewart Land Co.* v. *Arthur,* 267 Fed. 184.

In *Baltimore & Ohio R. R. Co.* v. *Wabash R. R. Co.,* *supra,* the Circuit Court of Appeals for the Seventh Circuit said:

"It is settled that, when a state court and a court of the United States may each take jurisdiction of a matter, the tribunal whose jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed, and the jurisdiction involved is exhausted. . . . The rule is not only one of comity, to prevent unseemly conflicts between courts whose jurisdiction embraces the same subject and persons, but between state courts and those of the United States it is something more. 'It is a principle of right and law, and therefore of necessity. It leaves nothing to discretion or mere convenience.' *Covell* v. *Heyman,* 111 U. S. 176. The rule is not limited to cases where property has actually been seized under judicial process before a second suit is instituted in another court, but it applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in all suits of a like nature. *Farmers' Loan & Trust Co.* v. *Lake Street El. R. Co.,* 177 U. S. 51; *Merritt* v. *Steel Barge Co.,* 24 C. C. A. 530, 79 Fed. 228, 49 U. S. App. 85. The rule is limited to

actions which deal either actually or potentially with specific property or objects. Where a suit is strictly in personam, in which nothing more than a personal judgment is sought, there is no objection to a subsequent action in another jurisdiction, either before or after judgment, although the same issues are to be tried and determined; and this because it neither ousts the jurisdiction of the court in which the first suit was brought, nor does it delay or obstruct the exercise of that jurisdiction, nor lead to a conflict of authority where each court acts in accordance with law. *Stanton* v. *Embrey,* 93 U. S. 548."

In *Stewart Land Co.* v. *Arthur, supra,* where the plaintiff sued the defendant upon two checks and a promissory note in the United States District Court, and subsequently brought an action against him upon the same instruments in a state court and an injunction was sought against the latter action, the Circuit Court of Appeals for the Eighth Circuit disposed of the matter as follows:

" In the Iowa case there was no custody of property which might lawfully be protected by the injunctive process. It was purely in personam. The pendency of two or more such actions between the same parties upon the same causes of action in different jurisdictions gives to the court in which the first was brought no power to enjoin the prosecution of the others. Each may take its normal course."

Prior to the decision in the instant case, as an examination of the foregoing authorities, and others which might be added, will show, the rule was firmly established that the pendency in a federal court of an action *in personam* was neither ground for abating a subsequent action in a state court nor for the issuance of an injunction against its prosecution. In the case now under consideration, however, the court below held otherwise, upon the ground

that: " By the Constitution of the United States (article 3, § 2, and the acts of Congress, U. S. Comp. Stat. 991) the constitutional right was granted to the Burke Company to ask and to have a trial and adjudication . . . by the federal court."

. . It is said further that if the second suit may be prose-cuted so as to secure an adjudication in a state court before the action of the federal court can be adjudicated, then the federal court's adjudication would be made futile because before it is rendered the controversy will have become *res adjudicata* by the adjudication of the state court. Such a result, it is urged, cannot be allowed because the Construction Company brought its action in the federal court in pursuance " of a grant of this right in the Constitution and the acts of Congress " and it may not be deprived of that constitutional right by a subsequent suit in a state court.

The force of the cases above cited is sought to be broken by the suggestion that in none of them was this question of constitutional right presented or considered.

The right of a litigant to maintain an action in a federal court on the ground that there is a controversy between citizens of different States is not one derived from the Constitution of the United States, unless in a very indirect sense. Certainly it is not a right *granted* by the Constitution. The applicable provisions, so far as necessary to be quoted here, are contained in Article III. Section 1 of that Article provides, " The judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish." By § 2 of the same Article it is provided that the judicial power shall extend to certain designated cases and controversies and, among them, " to controversies . . . between citizens of different States. . . ." The effect of these provisions is not to vest jurisdiction in the inferior courts over the designated

cases and controversies but to delimit those in respect of which Congress may confer jurisdiction upon such courts as it creates. Only the jurisdiction of the Supreme Court is derived directly from the Constitution. Every other court created by the general government derives its jurisdiction wholly from the authority of Congress. That body may give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution. *Turner* v. *Bank of North America,* 4 Dall. 8, 10; *United States* v. *Hudson & Goodwin,* 7 Cranch, 32; *Sheldon* v. *Sill,* 8 How. 441, 448; *Stevenson* v. *Fain,* 195 U. S. 165. The Constitution simply gives to the inferior courts the capacity to take jurisdiction in the enumerated cases, but it requires an act of Congress to confer it. *The Mayor* v. *Cooper,* 6 Wall. 247, 252. And the jurisdiction having been conferred may, at the will of Congress, be taken away in whole or in part; and if withdrawn without a saving clause all pending cases though cognizable when commenced must fail. *The Assessors* v. *Osbornes,* 9 Wall. 567, 575. A right which thus comes into existence only by virtue of an act of Congress, and which may be withdrawn by an act of Congress after its exercise has begun, cannot well be described as a constitutional right. The Construction Company, however, had the undoubted right under the statute to invoke the jurisdiction of the federal court and that court was bound to take the case and proceed to judgment. It could not abdicate its authority or duty in favor of the state jurisdiction. *Chicot County* v. *Sherwood,* 148 U. S. 529, 533; *McClellan* v. *Carland,* 217 U. S. 268, 282. But, while this is true, it is likewise true that the state court had jurisdiction of the suit instituted by petitioners. Indeed, since the case presented by that suit was such as to preclude its removal to the federal jurisdiction, the state jurisdiction in that particular suit was exclusive. It was, therefore, equally

the duty of the state court to take the case and proceed to judgment. There can be no question of judicial supremacy, or of superiority of individual right.   The well established rule, to which we have referred, that where the action is one *in rem* that court—whether state or federal—which first acquires jurisdiction draws to itself the exclusive authority to control and dispose of the *res*, involves the conclusion that the rights of the litigants. to invoke the jurisdiction of the respective courts are of equal rank.   See *Heidritter* v. *Elizabeth Oil-Cloth Co.*, 112 U. S. 294, 305.   The rank and authority of the courts are equal but both courts cannot possess or control the same thing at the same time, and any attempt to do so would result in unseemly conflict.   The rule, therefore, that the court first acquiring jurisdiction shall proceed without interference from a court of the other jurisdiction . is a rule of right and of law based upon necessity, and where the necessity, actual or potential, does not exist, the rule does not apply.   Since that necessity does exist · in actions *in rem* and does not exist in actions *in personam,* involving a question of personal liability only, the rule applies in the former but does not apply in the latter.

> *The decree of the Circuit Court of Appeals is therefore reversed and the case remanded to the District Court for further proceedings in conformity with this opinion.*