## FRADELLA v. UNITED MARINE CONTRACTING CORPORATION et al.

District Court, E. D. New York. December 18, 1928.

No. 3720.

Silas B. Axtell, of New York City, for plaintiff.

Robert H. Woody, of New York City, for defendants.

MOSCOWITZ, District Judge. This is a motion for an order dismissing the complaint in the above-entitled action on the ground that there is a prior action at law pending in the Supreme Court, state of New York, Kings county, between the same parties, for the same cause of action, for the same relief.

On September 10, 1928, an action was commenced in the Supreme Court, state of New York, Kings county, by the service of a summons and complaint upon the defendant. On November 14, 1928, the plaintiff caused an amended complaint to be served, and issue was joined. On November 19, 1928, an action was commenced in this court by the service of a summons and complaint upon the defendant. A comparison of the complaint in this action with the complaint in the action instituted in the state court discloses that both the parties and cause of action are identical. The only variance is the venue.

The law is well settled that the pendency of a suit in a state court, involving the same cause of action, between identical parties for the same relief, is not a bar to a similar proceeding in a federal court. Stanton v. Embry, 93 U. S. 548, 23 L. Ed. 983; McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762; New York Life Ins. Co. v. Marshall (C. C. A.) 23 F.(2d) 225. The rule is that, where the action first brought is in personam and seeks only a personal judgment, as in this case, another action for the same cause is not precluded. Gordon v. Gilfoil, 99 U. S. 168, 178, 25 L. Ed. 383; Hunt v. New York Cotton Exchange, 205 U. S. 322, 339, 27 S. Ct. 529, 51 L. Ed. 821; Kline v. Burke Construction Co., 260 U. S. 226, 230, 232, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077.

If these actions had been in rem or to try the title to property or involved the possession or control of specific property, the jurisdiction of the state court having first attached, the federal court would have been precluded from exercising its jurisdiction over the same property to defeat or impair the state court's jurisdiction. Covell v. Heyman, 111 U. S. 176, 182, 4 S. Ct. 355, 28 L. Ed. 390; Boston & Maine R. R. v. Dutille (C. C. A.) 289 F. 320; McClellan v. Carland, supra; Kline v. Burke Construction Co., supra; General Outdoor Advertising Co. et al. v. Williams et al. (C. C. A.) 12 F.(2d) 773.

"The rule * * * that the court first acquiring jurisdiction shall proceed without interference from a court of the other jurisdiction is a rule of right and of law based upon necessity, and where the necessity, actual or potential, does not exist, the rule does not apply. Since that necessity does exist in actions in rem and does not exist in actions in personam, involving a question of personal liability only, the rule applies in the former but does not apply in the latter." Kline v. Burke Construction Co., 260 U. S. 226, 235, 43 S. Ct. 79, 83 (67 L. Ed. 226, 24 A. L. R. 1077).

The law permits the commencement of an action in personam in a federal court during the pendency of an action in a state court, involving the same cause of action, between the same parties for the same relief, yet the practice is not to be commended, as it tends to clog the already overcongested calendars of both courts. In reality it is a speculation on the part of plaintiff as to which action shall be reached for trial first. It would be much more desirable for plaintiff to elect in which tribunal the action should be tried and to discontinue the action in the other tribunal, thereby relieving the defendant of the unnecessary burden of incurring needless expense in preparation for the defense of two actions, when one action will suffice to determine the rights of the respective parties.

Motion denied. Settle order on notice.