### AKE v. CHANCEY.
### No. 1311.

District Court, S. D. Florida, Miami Division.

Feb. 21, 1942.

Douglas D. Reed and Mitchell D. Price, both of Miami Fla., and H. W. Fraser, of Toledo, Ohio, for plaintiff.

C. L. Chancey and C. A. Hiaasen, both of Fort Lauderdale, Fla., for defendant.

HOLLAND, District Judge.

This case is before me on this date, February 20, 1942, on a report of the Examiner filed January 23, 1942, embracing the testimony consisting of 801 pages, and very extensive exhibits, comprising the original letters affecting the litigation. This hearing date had been set by order of the Court dated June 11, 1941. The record is voluminous, and I have not had the opportunity of reading all the testimony, or all the exhibits. However, I have re-examined the pleadings, and have read extensively from the exhibits, and have given considerable study to the law involved in this argument today.

There appeared on February 20, 1942, Douglas D. Reed, Esquire, Mitchell D. Price, Esquire, and H. W. Fraser, Esquire, for the plaintiff; and defendant C. L. Chancey, Esquire, in person, with C. A. Hiaasen, Esquire, as attorney for the defendant. I was prepared to hear the matter on the merits (although all the record

had not been read, but was sufficiently advised as to the contentions of the parties), to the end that oral argument might have been had on the merits, which I would have considered in connection with a further consideration of the record and briefs.

However, on February 14, 1942, defendant filed his motion for leave to file a supplemental answer, which proposed supplemental answer was likewise filed in the Clerk's office on the same date. It became apparent that the Court should first consider this motion of the defendant to file said supplemental answer. I will not attempt to analyze the case in connection with a detailed statement of the matters contained in said supplemental answer. I intend by this order to suspend consideration of this case on its merits until after a decision by the Supreme Court of the State of Florida on an appeal, which has been taken in the case of C. L. Chancey, plaintiff, v. H. C. Rorick, et al., defendants, No. 7188, a chancery action in the Circuit Court in and for Broward County, Florida. A decree in said State Court suit was entered on the 9th day of February 1942.

I wish to make some comments upon matters which have influenced me in reaching this decision. In the first place, I wish to comment on the fundamental difference between the State Court suit and the Federal action. Essentially the State Court action is an action in rem. The defendants have never appeared therein. Jurisdiction over the res was asserted under Section 5003, Compiled General Laws of Florida, 1927, and under Chapter 20452 of the Laws of Florida of 1941. In the Federal suit, the action is in personam. The parties have appeared, and pleaded, and much testimony of witnesses under cross-examination has developed.

By the defendant I have been urged to rule that the doctrine of Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, is here applicable. With this contention I cannot agree. There is not for consideration in this case any common law principle announced by the State Court as a pronouncement of an intermediate court in the absence of an announcement by the Supreme Court of Florida of a like principle. Under the Erie case the Federal Court is not called upon to necessarily follow a decision of the court of last resort in the State where the Federal Court is sitting, merely because the parties are the same, and the controversy is the same. The Federal Court is called upon to follow not only the legislative enactments of the Several States under 28 U.S.C.A. § 725, but under the Erie case is called upon to observe in cases at common law, where jurisdiction is dependent upon diversity, the rule of decision as announced by the court of last resort or an intermediate court under the several decisions of the Supreme Court of the United States. I do not regard the decree entered by the State Court, however, as announcing a rule of decision on some principle of law as a rule of decision constituting a fundamental principle of law applicable, and to be followed in other cases. Although the record in the State Court is not a part of the record here, it would seem that it may be summed up by saying that the State Court has held that there is jurisdiction over the res; that the jurisdiction over the person has obtained insofar as the res is concerned; that the answering defendants have shown that there is some $22,000 of money due, and further that the merits of the matters litigated between the parties were with the defendant Chancey.

I regard the principle of law announced in Kline v. Burke Construction Co., 260 U.S. 226, 235, 43 S.Ct. 79, 83, 67 L.Ed. 226, 24 A.L.R. 1077, as applicable here. The case is also cited in Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. ——. The principle is: "The rank and authority of the [federal and state] courts are equal, but both courts cannot possess or control the same thing at the same time, and any attempt to do so would result in unseemly conflict. The rule, therefore, that the court first acquiring jurisdiction shall proceed without interference from a court of the other jurisdiction is a rule of right and of law based upon necessity, and where the necessity, actual or potential, does not exist the rule does not apply. Since that necessity does exist in actions in rem and does not exist in actions in personam, involving a question of personal liability only, the rule applies in the former but does not apply in the latter." The rank and authority of the State Court and the Federal Court, insofar as this litigation between the parties here is concerned, are the same. The final decree in the State Court has been entered when the Federal Court case is pending, and when the argument in the Federal Court had

been set by Court order. It would appear that the plaintiff Ake has never appeared in the State Court action; he was not examined by the Court, whereas there has been much testimony taken in the Federal Court case, and extensive exhibits have been here filed. The Federal Court, however, is confronted with the fact that the Circuit Court has spoken on the very selfsame matters that are here involved, while possibly the decree is of an interlocutory nature, yet the merits of the litigation in the Federal Court are definitely involved in the definite pronouncement made by the State Court in the decree mentioned.

Under the doctrine of comity, I believe that the Federal Court in this case should withhold decision until the appeal, which has been taken in the State Court action, has been disposed of.

There is another matter that I desire to comment upon. While there is great significance in what I have heretofore stated herein in the nonbinding effect of the State Court decree, yet the State Court considered the new 1941 Act of the Florida Legislature, known as the "1941 Constructive Service Act." It is new legislation. A Circuit Court the highest trial court in the State of Florida has applied it as applicable to the facts here, and has decided the merits of the controversy, and I mention this as an added reason why I adhere to the doctrine of comity in this case.

It is, therefore, ordered, that decision on the motion and merits of the matters involved in this litigation be deferred until further action in accordance with the reasons set forth herein.