GREER v. UNITED STATES.
No. 11018.

United States District Court, Third Dist.
New Jersey.
March 13, 1950.

---

8. Note, The Freedom Writ—The Expanding Use of Federal Habeas Corpus, 61 Harvard L.Rev. 657, 670–673 (1948).

872

Nathan Baker, Hoboken, N. J., for libellant.

Gray & Wythe, New York City, for respondent.

Roger Yancey, Asst. U. S. Attorney, Newark, N. J., for the United States.

SMITH, District Judge.

This is a suit in admiralty instituted by the libellant under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752. The suit is before the Court at this time on the motion of the respondent to dismiss the libel on the ground that "there is a prior admiralty action pending between the parties hereto for the same cause." The motion is resisted by the libellant.

The record before the Court at this time discloses that prior to the commencement of the present suit the libellant commenced a similar suit on the same cause in the United States District Court for the Southern District of New York. The latter suit is at issue and is still pending. These suits are suits in personam under the express provisions of Section 2 of the Act, 46 U.S. C.A. § 742. See also Burkholder v. United States, D.C., 60 F.Supp. 700, 702.

It appears to be well settled "that where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded." Kline v. Burke Construction Co., 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226, 24 A.L.R. 1077. See also Asiatic Petroleum Corp. v. Italia Societa Anonima Di Navigazione, 3 Cir., 119 F.2d 610, 613; Commercial Nat. Bank of San Antonio v. Continental Bank & Trust Co. of New York, 5 Cir., 88 F.2d 160, 162. The judgment rendered in one, however, may be pleaded as a defense in the other. Ibid.

The respondent argues, in support of the present motion, that the "within libel serves only to harass the respondent by requiring it to prepare for trial in two forums." This argument is without merit. It is obvious that the respondent will be required to prepare for trial only in that suit in which the trial is first moved; the judgment entered in that suit will necessarily bar prosecution of the other, where, as here, the issues are identical.

The respondent moves in the alternative to transfer the suit to the United States District Court for the Southern District of New York. There are no reasons advanced in support of this motion and we find none. There is no suggestion that the convenience of either the litigants or the witnesses requires such a transfer.

The respondent's motion is denied. The libellant shall prepare and submit to the Court, on notice to the respondent, a proper order.

The libellant moved for an interlocutory decree on the ground that the respondent failed to file an answer. This motion is denied and the respondent will be allowed thirty days from the date of the order to be entered herein within which to file its answer.