HIGHWAY INS. UNDERWRITERS v. O'NEAL et al. (LORAINE TRANSFER CO., Inc., Third-Party Defendant).

Civ. A. No. 2959.

United States District Court
W. D. Louisiana, Shreveport Division.

Aug. 24, 1950.

Irion & Switzer, Harry A. Johnson, Jr., all of Shreveport, La., for plaintiff.

Charles E. Tooke, Jr., Shreveport, La., for defendants O'Neal & Callender.

Love & Bailey, Shreveport, La., for defendants Litton.

John A. Dixon, Jr., Shreveport, La., for third-party defendant.

DAWKINS, Chief Judge.

Petitioner, a citizen of Texas, as insurer of Loraine Transfer Company (called "Loraine"), seeks a declaratory judgment against defendants, all citzens of Louisiana and claimants under its policy of liability insurance. It alleges that the driver of a truck of the insured was without fault in a collision between it and the automobile in which defendants O'Neal, Callender and the deceased, George D. Litton, were riding; pleads the negligence of O'Neal as driver of the automobile and contributory negligence as to all of its occupants. In the alternative, complainant alleges its policy limits liability in the sum of $20,000 for one, and $40,000 where two or more claimants are involved; and that claims have been made against it in the sum of $83,682.-90 by O'Neal; $62,004.14 by Callender; and $15,000 by the tutrix for the minor children of the said Litton.

O'Neal and Callender have each filed pleas of lis pendens, averring that at the time of this suit they had pending in the state court actions against the complainant and its insured in the amounts stated in the petition in this case. On May 20, 1950, these two defendants moved for dismissal for the alleged reason that the complaint "does not state a cause upon which relief can be granted" and on the same day answered, charging the insured with negligence which caused the accident and prayed for judgments in amounts stated. In identical paragraphs of each answer, it is alleged as follows: "Respondent alleges Act 253 of the Louisiana Legislature of 1918 as amended and prays for the benefits granted therein."

Presumably, Act No. 55 of 1930, which amended Act No. 253 of the Legislature of 1918, was intended. However, nothing is stated about third-party process under the Rules of Civil Procedure of the Federal Courts, but each prayer asks for service and citation upon Loraine and that judgment "jointly and in solido" be awarded against Highway, the insurer, and Loraine, the insured.

Thereafter, on June 6, 1950, the tutrix for the minors Litton also filed a motion to dismiss on grounds similar to the other defendants, alleging as follows:

"2.

"That this Honorable Court does not have jurisdiction to hear said cause for the reason that the Loraine Transfer Company, Inc., is a Louisiana corporation and is a necessary party to this cause, and your appearer being a Louisiana resident may not implead said Loraine Transfer Company for the reason that no federal question exists herein nor would there be a complete diversity of citizenship of the parties-plaintiff and parties-defendant.

"3.

"That the said Loraine Transfer Company, Inc., is a necessary party for the reason that justice may not be done between the parties hereto since the maximum recovery under the Highway Insurance

Underwriters policy is the sum of $40,000.00, whereas Charles F. O'Neal is claiming the sum of $83,682.90, Mae Callender is claiming the sum of $62,004.14, and your appearer intends to file suit against the Highway Insurance Underwriters and the Loraine Transfer Company, Inc., in an amount in excess of $50,000.00."

The prayer of this motion was that the "complaint * * * be dismissed" and for "necessary orders and general and equitable relief."

On June 23 following, Loraine moved to dismiss the proceeding by which it had thus been brought in for the following reasons:

"1.

"The instant suit is one by a foreign corporation against a citizen of Louisiana; the defendant called your mover, who is also a citizen of Louisiana, as a third party defendant herein.

"2.

"Mover shows that the only possible controversy arising under the allegations of the complaint and answer herein involving your mover is between mover, a citizen of the State of Louisiana, and defendants, also citizens of the State of Louisiana.

"3.

"Mover shows that its interest and that of the plaintiff herein are the same, and the parties should be realigned as their interests appear; such realignment would result in an action by citizens of the State of Louisiana against another citizen of the State of Louisiana.

"4.

"Mover shows that it was improper to join mover as a third party defendant herein.

"5.

"Mover shows that the necessary diversity of citizenship is lacking as to your mover."

## Opinion

■ The pleas of lis pendens may be disposed of by the simple statement that, as a matter of law, such pleas do not lie in personal actions brought in both state and federal courts at the same time. Kline v. Burke Construction Company, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Cyclopedia of Federal Procedure, 2d Ed., Volume 1, Section 116; Volume 54, Corpus Juris Secundum, Lis Pendens, § 9, Page 577. Each proceeds, and any judgment first obtained in either court may be plead as res judicata in the other.

■ The issue, therefore, is simply one as to whether the defendants can bring in Loraine, the insured, for the purpose of obtaining a judgment against it for any excess above the limits of the policy. Highway has no concern with this demand for the overplus, and there is certainly no liability solidarily or otherwise, as between it and the insured for that part. Besides, Loraine is unquestionably correct in the contention that it, a citizen of this state, would have to be aligned on the same side of the controversy with complainant, which would deprive this court of jurisdiction, since the defendants are all citizens of Louisiana. Defendants claimants had the option of suing Loraine, the insured, in the state court without regard to the limitations of the policy, and but for the present suit in this court might have made Highway, the insurer, a party thereto. In that event, there would have been no diversity because of the fact that Loraine was a citizen of Louisiana with the claimants. This result in the present case cannot be avoided by bringing in the insured in the manner attempted here, merely because Highway has sought to settle its liability as to all of the claims in a single action. It is true that complainant has denied liability to any of the present defendants, alleging that the driver of the truck was without fault, which, if sustained, in both courts, would relieve both it and its insured as to claims of the present defendants. On the other hand, it is possible that there may be recovery either on the part of all or by some and not by the others, under the principles of attributable or contributory negligence. It would seem, therefore, that the insured

426

has the right, in a joint or common proceeding, to have these questions determined, including the amounts which shall be paid and how much out of the proceeds of the policy allocated to each claimant within its limits. This could not be done in separate suits, hence this action is clearly one for the application of the interpleader statute. The only way that this limitation can be safeguarded, as this court sees it, is through instructions to the jury that, if it finds Highway liable to all three claimants to the value of the limits of its policy, then the jury should apportion the recovery as between the claimants according to other principles of law. If there were only two claimants, it might be said that since neither could recover alone more than $20,000, each would be entitled to that sum if the jury found it warranted. But this reason could not apply where the demands are by three or more, and they were sustained in sums which together exceed the limits of the policy. In other words, the situation appears to be similar to that of concursus under the Louisiana law, and proper principles would have to be applied. No reason can be seen why these defendants might not pursue their remedies against Loraine in the state court, for any balances since Highway, having paid the total amount of its policy, would have no interest in those suits, and Loraine could plead those recoveries in offset against whatever might be awarded there.

This court sees no advantage in a long-winded discussion of other cases, as has been done in other instances, and feels that it would simply lead to confusion. It appears sufficient to refer only to the jurisdictional provisions of the Federal Constitution and statutes, U. S. Constitution, Article III, Section 2; Title 28 U.S.C.A. § 1332, and to the cases cited above as controlling.

The motion to dismiss by Loraine should, therefore, be sustained.