WITMAR SALVAGE CORPORATION
and
Witte Marine Equipment Co.,
Inc., Plaintiff,

v.

C. W. BLAKESLEE & SONS, INC.,
Defendant.

No. 69 Civ. 1562.

United States District Court
S. D. New York.

Nov. 20, 1969.

Troy & Wallace, New York City, for plaintiff.

Wiggin & Dana, New Haven, Conn., for defendant.

MEMORANDUM

TENNEY, District Judge.

On or about October 17, 1967, plaintiff Witmar Salvage Corporation (hereinafter referred to as "Witmar") and C. W. Blakeslee & Sons, Inc. (hereinafter referred to as "Blakeslee") entered into a written charter party for the hire of the barge "WITTE 163". By complaint dated April 8, 1969, Witmar commenced an action in this court against Blakeslee seeking $50,800.00 allegedly owed it pursuant to the terms of the charter party. Co-plaintiff Witte Marine Equipment Co., Inc. (hereinafter referred to as

"Witte") seeks $1,907.20 for salvage operation services rendered to Blakeslee.

It is undisputed that the charter party was entered into between Blakeslee and Witmar, that salvaging services were performed by Witte, that the barge was insured by the Washington General Insurance Corporation (hereinafter referred to as "Washington General"), and that the factual circumstance occasioning the dispute herein was the holing of the barge WITTE 163 on January 6, 1968, while under tow by the Red Star Towing Company (hereinafter referred to as "Red Star"). There is also no dispute that in July of 1968 Blakeslee, the defendant herein, commenced suit against Witmar, Washington General and one of its agents, and Red Star in the Superior Court of the State of Connecticut, County of New Haven.

Defendant now moves this Court to stay the federal action pending the outcome of the Connecticut suit. In support of its motion, defendant contends that both actions involve identical issues and that more complete relief may be given in the Connecticut action as all of the parties are present therein. Further, it is urged that the federal action should be stayed in order to prevent multiplicity of suits and to relieve Blakeslee from the burden of having to prosecute one action in Connecticut and defend another in this forum.

■■ Relevant authority dispels any doubt that while an *in personam* action is pending in a state court, an action for the same cause may subsequently be brought in a federal forum. Kline v. Burke Constr. Co., 260 U.S. 226, 230, 43 S.Ct. 79, 67 L.Ed. 226 (1922). Each court is free to proceed independently of the other's actions. Kline v. Burke Constr. Co., *supra* at 230, 43 S.Ct. 79. It is also well established, however, that the district court has inherent power to stay proceedings commenced therein, Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936), and that a stay should be granted when in its absence grave hardship or inequity will result to the suppliant

therefor. Landis v. North American Co., *supra* at 255, 57 S.Ct. 163.

■ Application of these sound principles by the Court of Appeals for the Second Circuit reveals that, although the district court is not obligated to abate an *in personam* action on a plea of a pending state court action, it remains within its sound discretion to do so. Milk Drivers & Dairy Employees Union Local No. 338 v. Dairymen's League Co-Operative Ass'n, 304 F.2d 913, 915 (2d Cir. 1962); Ballantine Books, Inc. v. Capital Distrib. Co., 302 F.2d 17, 19 (2d Cir. 1962); Ferguson v. Tabah, 288 F.2d 665, 672 (2d Cir. 1961).

■■ The facts presented in the instant suit amply justify the issuance of an order staying the proceedings in this forum until the termination of the suit pending in Connecticut. The issues presented in both actions between Blakeslee and Witmar are identical, and resolution of these issues in Connecticut will clearly be dispositive of the issues central to the suit in this forum. Accordingly, it is proper to stay a federal action when the judgment in a pending state court will be final and binding on the issues presented to the federal forum. See Kamen Soap Prods. Co., Inc. v. Struthers Wells Corp., 159 F.Supp. 706, 712 (S.D.N.Y.1958).

In the state court action, Blakeslee contends that Witmar has breached the implied warranty of seaworthiness contained in the charter party. Witmar insists that there was no such warranty, and that in any event its action against Blakeslee herein is based solely upon Blakeslee's breach of the agreement. Witmar naively overlooks the fact that both actions are merely opposite sides of the same coin. The controlling factor in both suits is whether there was in fact any warranty as to the seaworthiness of the barge WITTE 163. This being the substance of the Connecticut controversy, it will necessarily be determined in that action. If there was a warranty of seaworthiness which was breached, then this would be a proper defense to Wit-

mar's action herein; if not, then it is undisputed that Witmar could recover in the state action by way of counterclaim for Blakeslee's alleged breach. A stay would therefore seem proper when, as here, it is apparent that the prior commenced state action will be dispositive of the controlling issues. Simon & Schuster, Inc. v. Cove Vitamin & Pharmaceutical, Inc., 211 F.Supp. 72, 73 (S.D.N.Y. 1962).

Although Witte is not a party in the state action, its claim is properly chargeable to Witmar if the latter did in fact breach the disputed warranty. If Blakeslee fails in Connecticut, Witte can of course again pursue its claim in this court.

In addition to the unity of issues presented in the controversy between Blakeslee and Witmar, other considerations lend merit to the issuance of a stay. Any decision rendered by this court would be without effect as to Washington General, its agent Robert S. Blumenstock and Red Star, the other three defendants in Connecticut. Hence, Blakeslee would be put to the inequitable task of defending a suit in this forum and prosecuting one in another, when both controversies are essentially controlled by the same circumstances. Further, it is undisputed that Blakeslee elected a jury trial in the state action and could not do so in this action, and that many of the prospective witnesses reside in Connecticut, some of whom live over 100 miles from this court.

Thus, when the above-considered factors are placed in equitable balance with the authority cited, I think it clear that Blakeslee has met the burden of proving that the proceedings herein should be stayed. Accordingly, all pending and further proceedings, including plaintiffs' motion for summary judgment, are stayed until the termination of the proceedings in Connecticut.

So ordered.