**Carl Wendell AKINS, Plaintiff,**

v.

**Dona L. WILLIAMS, Clerk of the Arkansas Supreme Court, Defendant.**

**No. LR–C–82–606.**

United States District Court,
E. D. Arkansas, W. D.

Sept. 29, 1982.

---

Marquis E. Jones, Jones & Tiller Law Firm, Little Rock, Ark., for plaintiff.

Dennis R. Molock, Deputy Atty. Gen., Steve Clark, Atty. Gen. of Arkansas, Little Rock, Ark., for defendant.

ORDER OF DISMISSAL

ROY, District Judge.

Pending before the Court is the defendant's motion to dismiss for want of subject

matter jurisdiction and on the ground that the defendant is immune from liability for her actions as the Arkansas Supreme Court Clerk.

The plaintiff attempted to file an appeal of his Pulaski County Circuit Court conviction with the defendant. The defendant refused to accept the appeal because it was not timely filed as required by the Arkansas Rules of Appellate Procedure 5(a) and (b). The Arkansas Supreme Court on June 7, 1982 denied the plaintiff's motion for rule on the clerk. On June 24, 1982 his motion for a rehearing was also denied by the Arkansas Supreme Court. The Plaintiff then filed this action asking this Court to "enjoin defendant to file with the Arkansas Supreme Court on appeal therein, plaintiff's record and transcript". Plaintiff would invoke the jurisdiction of this Court on the ground that the defendant's refusal to accept his appeal amounts to a denial of due process under the Fifth and Fourteenth Amendments to the U. S. Constitution. The plaintiff cites no federal statutory authority for this Court's jurisdiction of this cause.

▪ Federal question jurisdiction cannot be predicated on state court action as an alleged violation of due process. Appeal is the appropriate means of remedying such errors. In a similar effort to nullify a state Supreme Court decision brought in a federal district court on the ground that the state court decision was violative of federal due process the United States Supreme Court said:

"Under the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify the judgment for errors of that character. To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

In another case the Supreme Court said: "Only the jurisdiction of the Supreme Court is derived directly from the Consti-

tution. Every other court created by the general government derives its jurisdiction wholly from the authority of Congress." *Kline v. Burke Const. Co.,* 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922).

This is an attempt to obtain what is in effect an appellate reversal of an Arkansas Supreme Court decision by asserting original jurisdiction in a federal District Court. This notion is offensive to the concept of comity.

For all of the above reasons,

IT IS CONSIDERED, ORDERED AND ADJUDGED:

That the defendant's motion to dismiss is granted.