Peter M. EGGLESTON, as Trustee of the Albert C. Levy Irrevocable Trust and Albert C. Levy, an individual, Plaintiffs,

v.

The STATE OF COLORADO, The City of Lakewood, a municipal corporation, The City of Aurora, a municipal corporation, and John Does 1–20, Defendants.

Civ. A. No. 82–K–2144.

United States District Court,
D. Colorado.

July 28, 1984.

Michael Abramovitz and Nina Iwashko, Canges, Shaver, Volpe & Licht, Denver, Colo., for Eggleston.

David A. Ogilvie, Denver, Colo., for Albert C. Levy.

Robert L. Patterson, Asst. Atty. Gen., Denver, Gordon L. Vaughan, Hall & Evans, Colorado Springs, Colo., for State of Colo.

E. Hil Margolin, Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., James C. Sell, Dist. Atty., Littleton, Colo., for City of Lakewood.

## ORDER

KANE, District Judge.

This action concerns who has the superior right to some 1.5 million dollars seized from Albert C. Levy's home during a raid by the Lakewood police on November 21, 1982. On December 1, 1982, Levy assigned his right in the money to the Albert C. Levy Irrevocable Trust and appointed Peter Eggleston as trustee. The case is before me on defendant Colorado's motion to be dismissed from this federal court on the ground that the State of Colorado should only defend in state court where an action concerning the 1.5 million dollars is now pending. The motion is denied.

On December 2, 1982, the State of Colorado filed a nuisance action against the money.[1] This was dismissed without prejudice and was subsequently refiled on January 26, 1983. In the interim Mr. Eggleston filed this federal action on December 15, 1982.[2] On December 23, 1982, the United

---

1. Colorado's forfeiture statute is part of its public nuisance statute, C.R.S. §§ 16–13–301 *et seq.* (1973 & 1983 Supp.). For this case the pertinent part is § 16–13–303(3) which reads

(3) The following shall be deemed class 1 public nuisances and be subject to forfeiture and distributed as provided in section 16–13–311(3), and no property rights shall exist in them:

(a) All currency, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for any of the acts listed in subsection (1) of this section; or

(b) All proceeds traceable to the unlawful activities listed in subsection (1) of this section; or

(c) All currency, negotiable instruments, and securities used or intended to be used to facilitate any of the violations listed in subsection (1) of this section.

2. *Eggleston v. State of Colorado,* Civil Action No. 82–K–2144.

States filed a forfeiture action [3] against the 1.5 million dollars. I consolidated the United States' action with Eggleston's action. Therefore, this court has jurisdiction.

On April 4, 1984, I granted leave for all parties to present claims against the *res*. The parties had until May 4, 1984, to do so. The State of Colorado, amongst others, did so within the time limit. When Colorado filed its claim it made no mention of its pending motion to be dismissed nor objected to the action against jurisdiction over the *res* being in this court.

■ The only argument concerning the motion for dismissal that has not been made moot by recent stipulations is Colorado's argument that I should not rule on the constitutionality of the state forfeiture statute because the same question is pending in a state court and I, as a federal judge, should abstain from making decisions more properly left to a state under the *Younger* doctrine. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) *Huffman v. Pursue, Ltd*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). However, because of the recent stipulations, the case is not an *in personam* proceeding and the abstention doctrine does not apply. Both the federal and state actions proceed against the *res* which makes the claims *in rem. United States v. United States Coin & Currency*, 401 U.S. 715, 719, 91 S.Ct. 1041, 1043, 28 L.Ed.2d 434 (1971); *United States v. One 1976 Buick Skylark*, 453 F.Supp. 639, 643 (D.Colo. 1978). *In rem* proceedings are exceptions to the abstention doctrine, *Mitchum v. Foster*, 407 U.S. 225, 235, 92 S.Ct. 2151, 2158, 32 L.Ed.2d 705 (1972); *Toucey v. N.Y. Life Ins. Co.*, 314 U.S. 118, 135–36, 62 S.Ct. 139, 144–45, 86 L.Ed. 100 (1941). A federal court may enjoin a state court proceeding to protect its jurisdiction over a *res. See* 28 U.S.C. § 2283.[4] The considerations of comity and federalism as outlined in *Younger* and *Huffman* do not apply to this proceeding.

■ The trustee's additional argument that Colorado's nuisance statute is unconstitutional is merely a defense that his claim to the *res* is of greater right than that of Colorado. However, the *Younger* doctrine does not concern itself with such defenses. *People of State of Illinois v. General Electric Co.*, 683 F.2d 206, 212 (7th Cir.1982), *cert. denied* —— U.S. ——, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983). It merely protects a pending state prosecution from federal intervention of one who actually violated a state statute. *Ibid.; see also Hawaii Housing Authority v. Midkiff*, —— U.S. ——, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984) for related limitations on *Younger* doctrine. The trustee has not violated a state statute; he alleges that enforcement of a state statute would be unconstitutional. A federal defendant may raise a constitutional claim regarding a state statute without triggering removal.[5] Were it otherwise, a defendant could always defeat federal jurisdiction of a case that involved state law merely by raising a constitutional defense. The *Younger* doctrine was not meant for such caprice. *Ibid.*

■ The well-established rule is that whichever court, federal or state, first takes possession of the *res* withdraws it from the other. *Kline v. Burke Construction Co.*, 260 U.S. 226, 235, 43 S.Ct. 79, 83, 67 L.Ed. 226 (1922). The rank of the courts are equal but nevertheless both courts cannot possess the *res* at the same time. I need not consider at this point whether the

---

**3.** *United States of America v. $1,508,440.00 in United States Currency,* Civil Action No. 82–K–2228.

**4.** 28 U.S.C. § 2283. Stay of court proceedings
A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

**5.** If the trustee's argument had raised issues for which I had no guidance from the Supreme Court, I might have decided to exercise my discretion and remand this action to the state court. But the issue is not raised by the circumstances: forfeiture laws are constitutional. *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

United States tax laws would require removal in any eventuality.

This court has prior jurisdiction over the *res*. In addition Colorado has filed a claim in this court for the *res* without reservation. For these reasons the motion to dismiss is denied. The movant is enjoined from prosecuting its forfeiture claim in the pending state proceeding.