**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 15-3213

————————

RICHARD C. HVIZDAK,
Appellant

v.

CITIZENS BANK OF PENNSYLVANIA; RBS CITIZENS NA;
RBS CITIZENS FINANCIAL GROUP INC; ROYAL BANK OF SCOTLAND PLC;
SENIOR V.P. KAREN D. BUDNIAK; RICHARD J. BOUDREAU & ASSOCIATES
LLC; UNIVERSAL FIDELITY LP; MERCANTILE ADJUSTMENT BUREAU LLC

————————

On Appeal from the United States District Court
for the Western  District of Pennsylvania
(Civil Action No. 2-14-cv-00406)
District Court Judge: Maurice B. Cohill, Jr.

————————

Argued Pursuant to Third Circuit L.A.R. 34.1(a)
on September 25, 2018

Before: McKEE, RESTREPO, and FUENTES, *Circuit Judges*

(Opinion filed: January 30, 2019)

————————

OPINION[*]

————————

————————

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Richard C. Hvizdak
110 South Main Street
Pittsburgh, PA 15220

       Pro Se Appellant

Richard H. Frankel
Andrew J. Gree, Student Counsel
Kaitlin O'Donnell, Student Counsel (Argued)
Drexel University
Thomas R. Kline School of Law
3320 Market Street
Philadelphia, PA  19104

       Counsel for Court Appointed Amicus Appellant

Jamie S. Dycus (Argued)
Fraser L. Hunter, Jr.
David S. Lesser
WilmerHale
7 World Trade Center
New York, NY  10007

       Counsel for Appellees

McKEE, *Circuit Judge*

Richard Hvizdak claims that the District Court erred in granting Citizens Bank's 12(b)(6) motion and dismissing his complaint with prejudice.  We disagree and will affirm essentially for the reasons stated by the District Court.[1]

Because we fully rely on the District Court's thoughtful opinion, we need only briefly address the challenge to the District Court's jurisdiction that Hvizdak has made on

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

appeal.  Hvizdak argues that the District Court lacked jurisdiction to decide his claims because it ruled that he lacked prudential standing as a third party, and that the court should therefore have dismissed his suit without prejudice.

This case is peculiar for that reason. Hvizdak, who has alleged a violation of a federal statute, now seeks to have us rule that the suit he brought is beyond the reach of the federal tribunal.  He misunderstands our case law on prudential standing and seeks to turn prudential standing into a weapon of last resort for litigants.  The limitations on third-party standing "are not constitutionally mandated, but rather stem from a salutary 'rule of self-restraint' designed to minimize unwarranted intervention into controversies where the applicable constitutional questions are ill-defined and speculative."[2]  We have held that the District Court may, at its discretion, review a plaintiff's claims on the merits despite a party having third-party prudential standing.[3]

Hvizdak alleged an "injury in fact," a "causal connection between the injury and the conduct complained of,"[4] and that a favorable decision by the District Court could have redressed that injury.  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice."[5]  Accordingly, Hvizdak satisfied the

---

[2] *Craig v. Boren*, 429 U.S. 190, 193 (1976) (citing *Barrows v. Jackson*, 346 U.S. 249, 255, 257 (1953)).

[3] *See Pa. Psychiatric Soc. v. Green Spring Health Servs., Inc.*, 280 F.3d 278 (3d Cir. 2002); *The Pitt News v. Fisher*, 215 F.3d 354 (3d Cir. 2000) (holding that Pitt News, as a third-party, had standing to challenge a Pennsylvania statute that penalized businesses that advertised alcoholic beverages in publications made by, or on behalf of, an educational institution).

[4] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

[5] *Id.* at 561

requirements necessary for an injury in fact and therefore the District Court had Article III jurisdiction.

Federal courts "lack the authority to abstain from the exercise of jurisdiction that has been conferred" or to "define[] the scope of federal jurisdiction within the constitutionally permissible bounds."[6]  Here, because Hvizdak's complaint alleged the three elements required for Article III jurisdiction over his claims, the District Court properly exercised the authority granted by Article III.  However, as the District Court explained, Article III standing does not mean that a petitioner has successfully laid out a claim that will defeat a 12(b)(6) motion.  Hvizdak's allegations, while satisfying standing requirements, fail to state a claim on which relief can be granted.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[6] *New Orleans Public Serv. Inc. v. Council of New Orleans*, 491 U.S. 350, 358–59 (1989) (citing *Kline v. Burke Constr. Co.*, 260 U.S. 226, 234 (1922)).