# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Estate of:<br><br>JUDY LEE MATTSON,<br><br>     Deceased. | No.  56840-3-II<br><br>UNPUBLISHED OPINION |

PRICE, J. — Richard Azpitarte appeals the Kitsap County Superior Court's order closing the probate of Judy Lee Mattson's estate for lack of subject matter jurisdiction and awarding Mattson's daughter, Sydney Jackson, attorney fees.  We affirm the Kitsap County Superior Court's order closing probate, but we reverse the award of attorney fees.  We grant Jackson's request for attorney fees on appeal.

### FACTS

Mattson died on August 16, 2021.  On September 16, King County Superior Court appointed Jackson as administrator of Mattson's estate.  The next day, King County Superior Court issued letters of administration to Jackson.

On September 29, Azpitarte petitioned Kitsap County Superior Court for letters of administration for Mattson's estate.  Azpitarte supported his petition with his own declaration in which he asserted that he witnessed Mattson execute a will appointing him personal representative of her estate, but the will had disappeared.  Azpitarte also represented to the court, under the penalty of perjury, that he was legally qualified to act as personal representative of Mattson's estate.

On October 15, Jackson's attorneys filed a notice of appearance with the Kitsap County Superior Court. On October 18, Azpitarte obtained an order from the Kitsap County Superior Court granting letters of administration ex parte, and the letters of administration were issued the same day.

On October 22, Jackson filed a motion in Kitsap County Superior Court to close probate or, alternatively, to revoke Azpitarte's letters of administration and appoint Jackson as personal representative of Mattson's estate. Jackson also requested an award of costs, including reasonable attorney fees. Jackson informed the Kitsap County Superior Court that probate was already open in King County Superior Court. Further, Jackson informed the Kitsap County Superior Court that King County Superior Court had already appointed her personal representative of Mattson's estate and issued letters of administration. And Jackson provided evidence that Azpitarte had a prior conviction for second degree assault, which disqualified him from serving as a personal representative.

The same day, the Kitsap County Superior Court granted Jackson's motion to close probate ex parte. The Kitsap County Superior Court concluded:

> Because a probate of the Estate of Judy Lee Mattson was opened in King County prior to Petitioner's filing of the Petition in the instant matter, this Court lacked jurisdiction to grant the Petition and open another probate and issue Letters of Administration to Petitioner.

Clerk's Papers at 45. The Kitsap County Superior Court granted the motion to close probate and dismissed Azpitarte's petition with prejudice. Kitsap County Superior Court also ordered that Azpitarte's letters of administration were cancelled. And Kitsap County Superior Court ordered Azpitarte pay Jackson reasonable costs including attorney fees.

Azpitarte appeals.

2

## ANALYSIS

### I. Order Closing Probate

Azpitarte makes several arguments challenging the Kitsap County Superior Court's order closing probate. However, it is clear that Kitsap County Superior Court lacked jurisdiction. Because dismissal was necessary and the only proper action for the Kitsap County Superior Court to take, any error in entering the order closing probate and dismissing Azpitarte's petition is harmless.

Both parties agree the long standing rule is that two courts may not assume jurisdiction over the same proceeding at the same time. The first court that acquires jurisdiction over an action must maintain exclusive jurisdiction over the action. *Kline v. Burke Const. Co.*, 260 U.S. 226, 235, 43 S. Ct. 79, 67 L. Ed. 2d 226 (1922). Because the probate of Mattson's estate was first filed in King County Superior Court, King County Superior Court maintained exclusive jurisdiction over the probate and Kitsap County Superior Court had no jurisdiction to open a second probate. Accordingly, the Kitsap County Superior Court could take no action other than dismissing the second, improperly filed probate action. *See Young v. Clark*, 149 Wn.2d 130, 133, 65 P.3d 1192 (2003).

Despite agreeing that a second court cannot assume jurisdiction over an action, Azpitarte alleges that several errors require reversal of the Kitsap County Superior Court's order closing the probate. However, errors are harmless if they have no material effect on the outcome. *Needham v. Dreyer*, 11 Wn. App. 2d 479, 497, 454 P.3d 136 (2019), *review denied*, 195 Wn.2d 1017 (2020). Because closing the probate was the only possible outcome in the Kitsap County Superior Court,

any error in obtaining that order was harmless. Accordingly, we affirm the Kitsap County Superior Court's order closing the probate of Mattson's estate.

## II. ATTORNEY FEES

### A. KITSAP COUNTY SUPERIOR COURT

Azpitarte argues that the Kitsap County Superior Court erred by granting Jackson's request for attorney fees ex parte without notice. We agree that an ex parte award of attorney fees was improper.

At Kitsap County Superior Court, Jackson requested attorney fees under RCW 11.96A.150 and RCW 4.84.185. The superior court's order is not clear which ground it relied on to award attorney fees. At a minimum, an award of attorney fees under RCW 4.84.185 requires sufficient due process of law. *See Reid v. Dalton*, 124 Wn. App. 113, 124, 100 P.3d 349 (2004), *review denied*, 155 Wn.2d 1005 (2005).

Here, Azpitarte was not provided any opportunity to contest the award of attorney fees. And despite Jackson's assertion that Azpitarte was provided telephonic notice of the motion per Kitsap County Superior Court Local Rules, no record of that notice is in the record before us on appeal. Therefore, we reverse the Kitsap County Superior Court's award of attorney fees. Jackson has requested that "in the event that this Court determines that fees and costs should not have been awarded, this issue may be reversed without remanding the entire matter because the only possible end result was dismissal of the action for lack of jurisdiction, which should be affirmed." Br. of Resp't at 10. Accordingly, we reverse the award of attorney fees but decline to remand based on Jackson's request.

4

## B. APPELLATE ATTORNEY FEES

Jackson requests attorney fees on appeal under RAP 18.1 and RCW 11.96A.150.[1] We grant Jackson's request for attorney fees.

RAP 18.1 allows us to award attorney fees if applicable law grants a party the right to recover attorney fees. RCW 11.96A.150 provides that we have the discretion to award reasonable costs, including attorney fees. RCW 11.96A.150(1). RCW 11.96A.150 applies to any proceeding governed by Title 11 RCW including proceedings involving a decedent's estate. RCW 11.96A.150(2). We exercise our discretion to award Jackson her attorney fees on appeal.

We affirm the Kitsap County Superior Court's order closing probate, but we reverse the award of attorney fees. We grant Jackson's request for attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, A.C.J.

VELJACIC, J.

---

[1] Jackson also requests attorney fees under RCW 4.84.185. Because we award attorney fees under RCW 11.96A.150, we do not address Jackson's request under RCW 4.84.185.