NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

RUTH E. DAVIES d/b/a/ SUN CITY PROFESSIONAL BUILDING, an
individual, *Plaintiff/Appellee,*

*v.*

VAN FLURY, an individual, d/b/a CONSOLIDATED MOTORS, INC., a
dissolved Arizona corporation, *Defendant/Appellant.*

No. 1 CA-CV 22-0246
FILED 2-2-2023

---

Appeal from the Superior Court in Maricopa County
No. CV2022-001848
The Honorable Richard F. Albrecht, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Jennings Strouss & Salmon PLC, Phoenix
By Jimmie W. Pursell Jr., Dina G. Aouad
*Counsel for Plaintiff/Appellee*

Van Flury, Sun City
*Defendant/Appellant*

_____

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

_____

**M O R S E**, Judge:

¶1    Van Flury appeals from the superior court judgment of forcible detainer and eviction. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2    On April 1, 2019, Flury entered into a two-year lease for office space in a multi-suite complex owned by Ruth Davies. The parties did not renew the lease, and it terminated on March 31, 2021.

¶3    Upon expiration of the lease, Flury became a month-to-month tenant. On November 11, 2021, Davies notified Flury that she was terminating the month-to-month tenancy and demanded that he vacate the premises.

¶4    Flury did not vacate the property. Instead, on November 29, 2021, he filed suit in federal court, seeking to quiet title via adverse possession to eight parking spaces in the lot outside the office complex.

¶5    On February 14, 2022, Davies filed suit in Arizona state court, seeking to evict Flury from the office complex. Flury moved to dismiss, claiming the District Court had prior exclusive jurisdiction over the entire property even though his quiet-title claim only related to the eight parking spaces. The superior court denied Flury's motion to dismiss the entire action but declined jurisdiction over the eight parking spaces at issue in the federal action. Following an evidentiary hearing, the court found Flury guilty of forcible detainer and evicted him from the rest of Davies' property.

¶6    Flury timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶7    Flury claims the superior court erred in denying his motion to dismiss based on the prior exclusive jurisdiction doctrine. We review the

denial of a motion to dismiss for lack of subject matter jurisdiction de novo. *State ex rel. Montgomery v. Mathis*, 231 Ariz. 103, 109, ¶ 18 (App. 2012).

**¶8**        Under the prior exclusive jurisdiction doctrine, once a court exercises in rem jurisdiction over a res, a second court is barred from asserting in rem jurisdiction over the same res. *Marshall v. Marshall*, 547 U.S. 293, 311 (2006).  Courts must honor prior exclusive jurisdiction because, when an action is in rem, "the effect is to draw to the federal court the possession or control, actual or potential, of the res, and the exercise by the state court of jurisdiction over the same res necessarily impairs, and may defeat, the jurisdiction of the federal court already attached." *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011) (quoting *Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1922)).

**¶9**        But prior exclusive jurisdiction does not apply when two actions seek to determine the rights of the same parties to two different pieces of property. *See id.* at 1044 (noting that the doctrine attaches when parallel proceedings seek to determine interests in specific property or where the parties' interest in that property serve as the basis of jurisdiction). Flury's federal complaint sought to quiet title only as to eight parking spaces in the community lot outside of the building.  The superior court excluded that property from its ruling.  Accordingly, there was no potential for conflict, and the superior court did not err in denying Flury's motion to dismiss.

**¶10**       Because Davies is the prevailing party in this action, we grant her request for reasonable attorney fees and costs upon compliance with ARCAP 21.

## CONCLUSION

**¶11**       For the above-stated reasons, we affirm the decision of the superior court and award Davies her reasonable attorney fees and costs on appeal.



AMY M. WOOD • Clerk of the Court
FILED: AA