Joseph J. URBEITIS
v.
BETHLEHEM STEEL CORPORATION and Calmar Steamship Corporation
v.
NACIREMA OPERATING CO., Inc.
Civ. A. No. 27815.

United States District Court
E. D. Pennsylvania.
Oct. 17, 1961.

Freedman, Landy & Lorry, by Milton M. Borowsky, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Byrne, by T. J. Mahoney, Philadelphia, Pa., for Bethlehem and others.

Pepper, Hamilton & Scheetz, by John B. Hannum, 3rd, Philadelphia, Pa., for Nacirema.

WOOD, District Judge.

Plaintiff instituted suit against the Bethlehem Steel Corporation of Delaware and against the Calmar Steamship Corporation in this Court claiming damages for personal injuries which allegedly resulted from the negligence of the defendants and/or the unseaworthiness of the vessel, the S.S. Pennmar. The alleged negligence and unseaworthiness is related to the condition of certain steel beams which plaintiff was loading aboard the S.S. Pennmar. Discovery procedures revealed that the defendant, Bethlehem Steel Corporation of Delaware, was not, in fact, the manufacturer of these beams, but that one of its subsidiary companies, Bethlehem Steel Company of Pennsylvania, was the manufacturer. Therefore, plaintiff brought suit in the Common Pleas Court of Pennsylvania against the Bethlehem Steel Company of Pennsylvania for the same personal injuries. The third-party defendant in the action in this Court is not a party to the State Court suit. The State Court suit involves the issue of the defendants' negligence only, and does not concern the seaworthiness of the vessel, the S.S. Pennmar.

The third-party defendant has moved this Court to dismiss or to stay this action pending the outcome of the suit in the State Court. The reason advanced in support of this motion is that undoubtedly the State Court suit will proceed to a judgment before the suit in this Court; and such a judgment would be res judicata as to the liability and as to the amount of damages, if any, of the defendants, Bethlehem Steel Corporation of Delaware and the Calmar Steamship Company. Therefore, staying this suit, argues third-party defendant, would save it the preparation and the trial of the case pending here.

It is established law that "where the judgment sought is strictly in personam, both the state and federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other." [1] Therefore, it would be perfectly proper for both this Court and the Pennsylvania Court to proceed with these

1. Princess Lida of Thurn and Taxis v. Thompson, et al., 1939, 305 U.S. 456, at page 466, 59 S.Ct. 275, at page 280, 83 L.Ed. 285.

**564**

suits until a judgment were rendered in one. This fact in itself is dispositive of the third-party defendant's motions.

While we are not convinced that a judgment against Bethlehem Steel Company of Pennsylvania would be res judicata as to either Bethlehem Steel Corporation of Delaware, the parent company, or Calmar Steamship Corporation, a subsidiary, an examination of the record clearly reveals that Bethlehem Steel Company has admitted ownership, agency and control in the State Court proceedings. At the same time, Bethlehem Steel Corporation has taken no action in this Court of which we are aware to be removed as a party defendant. If Bethlehem Steel Company is subject to liability, then it is doubtful to see how Bethlehem Steel Corporation could possibly be. This creates this unusual proposition: The Bethlehem Steel Corporation, the parent of the Bethlehem Steel Company, is in a position to guide the action in the State Court as well as the action in the Federal Court. It seems reasonable to assume that Bethlehem Steel Corporation has taken no action to be removed here as a party defendant because by remaining a party defendant here, it is then in a position to make Nacirema Operating Co., Inc., a third-party defendant.

We are of the opinion that this puts an undue burden on Nacirema because it is the third-party defendant in a case in which, at least from the available records, the original defendants are admittedly not liable to the plaintiff.

The greatest difficulty with the problem, however, is that the plaintiff should not be prejudiced by this situation and, as we have stated, supra, he has a legal right to proceed in both Courts simultaneously. Therefore, we will not enter any order which affects him.

The third-party defendant argues vigorously that it "will be in the position of having to expend time, money and effort to prepare a defense to the instant action when this preparation is futile." We agree that justice requires that Nacirema be protected against action by the original defendants in this Court until the status of the original parties is more clearly defined. We, therefore, enter the following Order:

### Order.

 And now, to wit, this 17th day of October, 1961, it is hereby ordered that the motion of the third-party defendant, Nacirema Operating Co., Inc., to dismiss or to stay the action is denied; but all proceedings in the third-party action between Bethlehem Steel Corporation and Calmar Steamship Corporation and Nacirema Operating Co., Inc., are stayed until further Order of this Court.