FEDERATED MUTUAL IMPLEMENT AND HARDWARE INSURANCE COMPANY, a corporation, Plaintiff,

v.

Albert ZIMMERMAN and Alberta Zimmerman, partners, d/b/a Sinclair Rexall Drugs, a Partnership, and Milton Brown, Defendants.

No. T-3226.

United States District Court
D. Kansas.

June 5, 1963.

J. H. Eschmann, of Ascough, Bausch, Eschmann, Topeka, Kan., for plaintiff.

C. K. Sayler, Topeka, Kan., Charles S. Fisher, Jr., of Lillard, Eidson, Lewis & Porter, Topeka, Kan., for defendant Albert Zimmerman.

Robert Reeder, Troy, Kan., for defendant Milton Brown.

TEMPLAR, District Judge.

Plaintiff filed this action on January 31, 1963, and alleged that it was a corporation authorized and existing under the laws of the State of Minnesota, and that the defendants and each of them were citizens of Doniphan County, Kansas.

It further alleged in the Amended Complaint that the defendants, Albert and Alberta Zimmerman are partners doing business as the Sinclair Rexall Drugs, Troy, Kansas. Then the plaintiff alleged as follows:

"3. Plaintiff states that prior to and at all times hereinafter mentioned, plaintiff insurance company had issued, outstanding and in force a policy of insurance with Myrtle W. Hagenbuck and Forrest H. Hagen-

buck d/b/a Troy Hardware & Furniture Company of Troy, Kansas; that said policy was a standard fire policy, and that by the terms thereof the plaintiff insured the real estate and the stock of merchandise owned by the said Myrtle W. Hagenbuck and Forrest H. Hagenbuck located at 211 South Main St., Troy, Kansas, or more particularly, the north 20 feet of Lot 2, Block 22 in the original town, now the City of Troy in Doniphan County, Kansas, against loss or damages as a result of fire.

"5. Plaintiff states that its assureds operated their hardware store immediately north of the business premises of the defendants Albert Zimmerman and Alberta Zimmerman. Plaintiff further states that at all times hereinafter mentioned the defendant Milton Brown was acting as the agent, servant and employee of the defendants Albert Zimmerman and Alberta Zimmerman and under their direction and control and in the furtherance of their partnership business. That on or about August 17, 1962, the defendant Brown carried waste paper and boxes to the rear of his employer's premises and commenced to burn said waste materials. That the fire was permitted to burn to great heights. That the wind, blowing from a southeast direction, carried large amounts of burning debris in a northerly direction and subsequently caused a wood platform to the rear of the assured's premises to burn. That on said platform was stored cylinders containing propane gas. That the fire caused said cylinders to explode, causing the assured's property and merchandise to be engulfed in flames and destroyed by said fire.

"6. That the sole and proximate cause of the fire and damage to the assured's property was the sole acts of negligence on the part of Milton Brown who was then and there acting as the agent, servant and employee of the defendants Albert Zimmerman and Alberta Zimmerman.

"7. That by reason of said loss to its assureds Myrtle W. Hagenbuck and Forrest H. Hagenbuck, plaintiff became obligated to and did pay the sum of $28,000.00 to said assureds, according to the terms of said policy, and thereupon, also according to the terms of said policy, plaintiff became subrogated to any and all rights of said assureds against the defendants as a result of the negligence of the defendants this plaintiff has been damaged in the amount of $28,000.00."

On February 19, 1963 the defendants filed their Motion to Dismiss, as follows:

"1. The insureds of plaintiff, Federated Mutual Implement and Hardware Insurance Company are Myrtle Hagenbuck and Forrest W. Hagenbuck who are indispensable parties to the above action and a complete determination of the issues therein and a complete determination of the issues between the defendants, Alberta Zimmerman and Albert Zimmerman and Forrest W. Hagenbuck and Myrtle Hagenbuck arising out of the fire alleged in plaintiff's amended complaint.

"2. That Forrest W. Hagenbuck and Myrtle Hagenbuck have not been totally reimbursed for their loss and damage in the fire of August 17, 1962, and are therefore indispensable parties under Rule 19 of the Federal Rules of Civil Procedure.

"3. That the defendants, Albert Zimmerman and Alberta Zimmerman have loss and damage claims as a result of said fire against Forrest Hagenbuck and Myrtle Hagenbuck which cannot be litigated in the above action because Myrtle and Forrest W. Hagenbuck are not parties herein.

"4. Myrtle Hagenbuck and Forrest W. Hagenbuck are citizens of the State of Kansas and the defendants are all citizens of the State of Kansas; said Myrtle and Forrest W. Hagenbuck cannot be joined as parties plaintiff herein as it would deprive the court of jurisdiction.

"5. That the Hagenbucks are indispensable parties and parties necessary for a complete determination of the issues raised in the above suit and as there is no diversity of citizenship between them and the defendants and to prevent a multiplicity of suits the court should dismiss the above action.

"6. That there is a lack of jurisdiction of the subject matter and the parties and this action should be dismissed."

Thereafter on February 27, 1963 the plaintiff filed its Motion for an Order to Amend its first Amended Petition by inserting a paragraph 8 to read as follows:

"8. That the assureds, Myrtle W. Hagenbuck and Forrest W. Hagenbuck have sustained a loss over and above that which was compensated for by the plaintiff herein. That said assureds have declined and refused to bring or join in an action for their loss as a result of the aforementioned fire. That therefore this plaintiff brings this action in its own name for the amounts which have been paid by the plaintiff to said assureds."

On March 8, 1963 defendants' Motion to Dismiss was argued and the matter was taken under advisement.

The Court has considered the very excellent briefs of the respective parties and has concluded that the situation in the instant case is governed by the principles of law announced in United States v. Aetna Casualty & Insurance Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171:

"Although either the insurer or the insured may sue the United States where the insurer has paid to the insured only part of a claim upon which the latter is able to bring action under the Federal Tort Claims Act, the United States, upon timely motion, may compel their joinder; both are 'necessary' though not indispensable parties; but even though all parties cannot be joined because one or more are outside the jurisdiction, the *court may* nevertheless proceed in the action, under Rule 19(b) of the Federal Rules of Civil Procedure, and the United States, like other tortfeasors, may have to defend two or more actions on the same tort and may be unable to assert counterclaims and offsets against the original claimant *upon unrelated* transactions." (Emphasis added.)

Since the Hagenbucks in the instant case, under the theory of the Aetna case, supra, are only necessary parties and not indispensable parties, the Court feels that the plaintiff as a real party in interest herein should be able to choose the forum in which it wishes

to proceed. As pointed out in defendants' brief, the Court may exercise discretion as to whether or not a necessary party should be required to join in the action. Under such circumstances the Court may proceed in the action brought by the insurer as a subrogee without requiring that the insureds be made parties when its jurisdiction over them would deprive the Court of jurisdiction of the parties before it. A real party in interest such as the plaintiff herein should have and does have the right to choose its forum.

Accordingly, the defendants' motion to dismiss will be denied. Further, plaintiff's motion to amend the first amended complaint in the manner indicated herein shall be granted.

Counsel for the plaintiff will prepare and submit the appropriate Journal Entry in accordance with this Memorandum of Decision.