Carol Elaine CURREN, and Michael James Curren, a minor, by Carol Elaine Curren, his mother and natural guardian, and Carol Elaine Curren in her own right

v.

**Wilbert W. FOUNTAINE.**

**Civ. A. No. 30570.**

United States District Court
E. D. Pennsylvania

Jan. 20, 1964.

———◆———

Melvin E. Caine, of Caine & DiPasqua, Media, Pa., for plaintiffs.

John F. Naulty, Philadelphia, Pa., for defendant.

BODY, District Judge.

This action arises from a motor vehicle collision which occurred on December 12, 1959 in which plaintiffs sustained personal injuries. On November 28, 1961 plaintiffs instituted a civil action against the defendant in the United States District Court for the Eastern District of Pennsylvania. In addition to this action, plaintiffs also filed a praecipe for summons on trespass in the Court of Common Pleas of Delaware County, Pennsylvania, on December 4, 1961. Each of the actions was brought by the mother of an unborn child for her own injuries and for the injuries sustained by the unborn child.

Defendant contends that plaintiffs' action in choosing two forums in which to attempt a recovery will result in additional expense due to the duplication of services and the use of two firms of defense counsel, one for each jurisdiction. Defendant further states no purpose will be served by the two suits and that plaintiffs cannot make two recoveries on the same cause of action.

The question of law is whether the plaintiffs may maintain actions in both the state and federal courts, both courts having concurrent jurisdiction, where a judgment in personam is sought.

As was stated in Princess Lida of Thurn and Taxis, et al v. Thompson, et al, Trustees, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939) and followed in Urbeitis v. Bethelehem Steel Corporation (Calmar Steamship Corporation v. Nacirema Operating Co., Inc.) 198 F.Supp. 562 (E.D.Pa.1961), the established law is that " * * * where the judgment sought is strictly in personam, both the state and federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other. * * * "

The Court deems the other contentions without merit and therefore will not discuss the same.

## ORDER

And now, this twentieth day of January, 1964, in accordance with the foregoing Memorandum Opinion, it is ordered that defendant's Motion to Dismiss be and the same is hereby denied.