LIBERTY MUTUAL INSURANCE COM-
PANY, Plaintiff,

v.

C. D. PRICE, individually and d/b/a
C. D. Price Electrical Service,
Defendant.

No. 7150.

United States District Court
S. D. Ohio, W. D.

Oct. 16, 1969.

Edwin J. Dreibelbis, of Brumeleve, DeCamp & Wood, Cincinnati, Ohio, for plaintiff.

Clement J. De Michelis, of McCaslin, Imbus & McCaslin, Cincinnati, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER

PORTER, District Judge.

The Court has pending for decision the defendant's motion to dismiss. This motion presents the question of whether an insured party, who was partially com-

pensated for his loss by his insurer, is an indispensable party within the meaning of Rule 19(b) of the Federal Rules of Civil Procedure to an action by that insurer against the alleged tortfeasor on the partially subrogated claim.

The parties involved are Liberty Mutual Insurance Company (hereinafter called Liberty); C. D. PRICE, individually and d/b/a C. D. Price Electrical Service (hereinafter called Price); and The Muir Company (hereinafter called Muir).

On or about July 6, 1967, a fire occurred on Muir's premises which are located in Franklin, Warren County, Ohio. At that time Muir was covered by an insurance policy issued by Liberty. Allegedly the fire caused damage amounting to $83,181.57, and pursuant to the terms of the policy Liberty allegedly paid Muir $54,654.43 and thereby became subrogated to the rights of Muir to that extent.

On July 3, 1969, Liberty filed this civil action, based on its partial subrogation, against Price alleging that Price's negligence was the direct and proximate cause of the fire. Jurisdiction was assertedly founded on diversity of citizenship, as Liberty alleged that it was a Massachusetts citizen, while Price was a citizen of Ohio.

On July 7, 1969, Muir filed a civil action in the Common Pleas Court of Warren County, Ohio, against Price. Muir, as Liberty had in its federal action, alleged that Price's negligence caused the fire. Muir prayed for a judgment which almost equaled the amount of the deficiency between the alleged loss and the amount assertedly paid to Muir by Liberty. Subsequently, Price filed a motion with the Common Pleas Court requesting that Liberty be joined as a party plaintiff. Apparently that motion is still pending in the state court.

Price has now filed with this court a motion based on Rule 19 of the Federal Rules of Civil Procedure. Its essence is that Muir is an indispensable party plaintiff to this action and therefore must be joined. However, Price further alleges that Muir is an Ohio citizen and because of that fact diversity will be destroyed by his joinder. Thus, Price contends the action must be dismissed.

Prior to the 1966 amendment of Rule 19 compulsory joinder of parties was determined on the basis of whether the party, who was sought to be joined, was deemed indispensable, necessary, or proper. That is, the factual situation which presented itself had to fit into one of the three categories. Indispensable parties were those without whom the action could not proceed. They had to be joined even if such joinder resulted in the Court losing jurisdiction of the cause of action and thus having to dismiss. Necessary parties were those who had an interest in the controversy but whose interest was separable and who would not be directly affected by a decree in their absence. Necessary parties had to be joined if they were needed in order to afford complete relief between those already parties, and if they were subject to the jurisdiction of the Court and could be made parties without depriving the Court of jurisdiction of the parties already before it. If necessary parties would deprive the Court of jurisdiction of the parties already before it, the necessary parties did not have to be joined and the action could proceed without them. Barron & Holtzoff, Federal Practice and Procedure (Wright's Ed.) § 511 at pp. 85–87. We are not concerned here with proper parties and therefore we need not discuss them.

The above distinction is relevant because all the federal decisions which we were able to find and which presented a factual situation similar to the one with which we are concerned are pre-1966 cases. All of these decisions held that the insured (here Muir) was a necessary party and that his joinder was not mandatory if he was outside the Court's jurisdiction or if his joinder would oust the Court of jurisdiction over the parties

already before it. See United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949); Federated Mutual Implement & Hardware Insurance Co. v. Zimmerman, 33 F.R.D. 8 (D.C.Kan., 1963); St. Paul Fire & Marine Insurance Co. v. Peoples Natural Gas Co., 166 F.Supp. 11 (D.C. W.D.Pa., 1958). No cases were cited to this Court, nor did we find any decisions, which held that such a party was indispensable so that dismissal of the action was required if his joinder would defeat the Court's jurisdiction. Not only are these pre-amendment cases important to illustrate the prior law, but they are also important because it is authoritatively said that most cases will be decided the same way under the new rule as under the old. The new rule is supposed to produce a change of method more than of result. Barron & Holtzoff, Federal Practice and Procedure (Wright's Ed. Supp.1968) § 512 at pp. 30 and 31. See also Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 117 n. 12, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

■ Turning now to amended Rule 19 it should, at the outset, be noted that we have not discovered nor were we cited to any post-amendment cases which are similar to the factual situation as presented here. In *Provident, supra,* the Supreme Court stated that the amended rule emphasizes pragmatic considerations as opposed to abstract classification of parties and with this in mind we will examine the reasons the defendant (Price) has proposed in support of his motion to dismiss. He has stated that if dismissal is refused there is a real possibility of multiple litigation and this connotes not only inconvenience but added expense. The defendant also asserts that inconsistent results may follow. It is additionally contended that in this action the defendant may not be able to utilize certain discovery procedures and his right to call certain witnesses as if on cross-examination may be adversely affected. Finally, the defendant claims that the plaintiff (Liberty) will have an adequate remedy in the state court if this action is dismissed.

The Supreme Court had addressed itself to the argument that the possibility of multiple litigation and the ramifications thereof should be a reason for dismissal. In a decision factually similar to the one with which we are concerned that Court stated:

"It is true that under this rationale, there will be cases in which all parties cannot be joined because one or more are outside the jurisdiction, and the court may nevertheless proceed in the action under Rule 19(b). In such cases the United States, like other tortfeasors, may have to defend two or more actions on the same tort and may be unable to assert counterclaims and offsets against the original claimant upon unrelated transactions." United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 382, 70 S.Ct. 207, 216, 94 L.Ed. 171 (1949).

■ Another federal practice has a bearing upon this question of multiple litigation. It is quite well settled that *in personam* actions involving the same claim are allowed, except in extraordinary circumstances, to proceed simultaneously in state and federal courts. Both state and federal actions go forward until one of them results in a judgment which may be asserted as *res judicata* in the other. Indeed, these concurrent suits may be inconvenient and expensive but the 1922 decision of Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922) accepts this result and this procedure is still applicable today.

Next, there is the assertion that these two actions could result in inconsistent obligations on the part of the defendant. There are two answers to this. First, obviously the Supreme Court in the *Aetna* case, *supra,* did not feel that this was a sufficient reason to dismiss. Sec-

4

ondly, there is the fact that this possibility will be greatly reduced if the plaintiff is made a party in the state action. Such a motion is presently pending in the state court.

 The defendant also contends that the possibility he may encounter certain setbacks in regard to discovery and the right of witness examination should be a reason for dismissal. Such a rationale should be rejected. These are matters which are properly incidental to a court's jurisdiction. They are ground rules that one operates under once the court obtains jurisdiction. They do not rise to the level of being reasons for refusing to proceed with an action properly before a court. If these assertions qualified as grounds for dismissal, the Court, in ruling on each Rule 19(b) problem, would have to examine the procedural benefits and detriments of the particular state and federal rules. There is nothing in Rule 19(b) which suggests that such an approach is required or even appropriate.

Finally, there is the claim that the plaintiff will have an adequate remedy in the state court if this action is dismissed. This may or may not be so depending on certain factors. Of course, the most important of these is whether the plaintiff is made a party to the state action. This consideration is to be balanced against the factor that presumably the plaintiff has in the first instance properly invoked the jurisdiction of this Court. This was the prerogative of the plaintiff and only the most compelling reason should make the plaintiff resort to the state court. In light of what has been stated above, it does not appear that such a reason or reasons are present in this action.

For the reasons stated above the defendant's motion should be overruled. Additionally, the test under Rule 19(b) is "equity and good conscience" and to us this means that although the 19(b) guidelines are applicable and have been applied by us, the Court has a measure of discretion. For the reasons given herein, we conclude that this discretion, at this point in the litigation, should be exercised to overrule the motion. The motion to dismiss is, therefore, overruled.