**Heinz ASSMANN, Plaintiff,**

v.

**David TREGLIA, Defendant.**

**Civ. No. 13346.**

United States District Court,
D. Connecticut.

Feb. 25, 1970.

Richard G. Bohner, of Bohner & Bohner, Rego Park, N. Y., for plaintiff.

Elaine S. Amendola, of Goldstein & Peck, Bridgeport, Conn., for defendant.

TIMBERS, Chief Judge.

Defendant moves to stay this personal injury action pending determination of an identical action in the Superior Court for Fairfield County, Connecticut. Defendant asks the Court to exercise its discretion by granting his requested stay in order to avoid duplicity of effort and in the interest of judicial economy and efficiency.

Plaintiff has chosen to institute parallel actions in the state and federal

courts. Defendant need not have permitted this to occur: unnecessary duplication and expense could have been obviated if defendant, within 20 days of receipt of the state pleading, had removed that action pursuant to 28 U.S.C. § 1446, and then moved to consolidate that action with the instant action pursuant to Rule 42(a), Fed.R.Civ.P.

The leading case in this Circuit with respect to the discretionary stay of proceedings, such as that requested by defendant, is Mottolese v. Kaufman, 176 F.2d 301 (2 Cir. 1949), in which Judge Learned Hand recognized that the right of access to a federal forum is not absolute and affirmed the granting of a discretionary stay where an identical action previously had been commenced in the state courts. Although *Mottolese* has been criticized,[1] it remains the law of this Circuit. For the reasons stated below, however, the Court is of the opinion that a stay of proceedings would not be appropriate in the instant action.

(1) Contrary to *Mottolese,* plaintiff's federal action, commenced by filing the complaint on August 14, 1969, preceded commencement of the state court action, the writ therein having been subscribed to on August 21, 1969 and made returnable on the first Tuesday of October, 1969.

(2) Contrary to *Mottolese,* there are now pending several related state court actions which have been consolidated in a single action and which it appears can be prosecuted more speedily and effectively in the state courts than in the federal courts.

(3) Of chief importance here is the protection of plaintiff's right to institute parallel actions in the state and federal courts in order to avail himself of the broad federal discovery proceedings. Even assuming that defendant were willing to stipulate to the applicability of the federal discovery rules in the state proceedings if this action were stayed in accordance with Judge Hand's suggestion in *Mottolese,* this Court would still be compelled to retain jurisdiction in order to insure compliance with defendant's agreement to allow discovery under the Federal Rules. As this Court has stated, "[t]he difficulty and sensitivity of the supervisory position in which the Court would be placed renders such position one which should be assumed, if at all, with reluctance, and only where the equities of the case clearly necessitate it." Maddaluna v. Hults, Civil No. 12,900 (D.Conn., filed March 19, 1969, pp. 3–4). This is not the case here.

Accordingly, defendant's motion for a stay of the instant action is denied.

1. See, e. g., England v. Board of Medical Examiners, 375 U.S. 411, 430 n. 2 (1964) (Douglas, J. concurring):
   "Some federal courts have used the doctrine to shuttle over to state courts cases properly in the federal court yet not involving constitutional issues dependent on the meaning of state law (see Mottolese v. Kaufman, 176 F.2d 301; Beiersdorf & Co. v. McGohey, 187 F.2d 14)—decisions which baldly deny a suitor the remedy granted by Congress because it is not convenient to the district judge to decide the case."