**Mary Ellen MAHKIMETAS, by her "Next of Friend" Calvin Mahkimetas, Plaintiff,**

v.

**Kathryn Ann DASCOLA and Travelers Insurance Company, a foreign corporation, Defendants.**

No. 71–C–47.

United States District Court, E. D. Wisconsin.

Dec. 22, 1971.

---

Jack J. Schumacher, Shawano, Wis., for plaintiff.

Wm. S. Pfankuch, Everson, Whitney, O'Melia, Everson & Brehm, Green Bay, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff in this action seeks damages for injuries allegedly sustained as the result of the negligent operation of an automobile by the defendant Kathryn Ann Dascola. This court's jurisdiction is based upon diversity of citizenship. The defendants have moved to stay this action pending the disposition of a state court action in which they state that they have been joined as third-party defendants.

The state court action was commenced more than seven months after the complaint was filed in the present case. Travelers Insurance Co. is a named defendant in both actions; Miss Dascola is a named defendant in the case at bar and avers that she is an impleaded defendant in the state action. In addition, Patrick Wallrich is named as a defendant in the state case, although he has not been joined as a defendant in the instant action.

The plaintiff states that the identity of Mr. Wallrich was not known at the time that her action was filed in this court, but she argues that she later assumed that the defendants would implead Mr. Wallrich in the present case. She states in her brief that if Miss Dascola and her insurer will implead Mr. Wallrich and Travelers Insurance Co. in the action now before this court, she "will have no objections" and upon the impleader of said defendants, she "will move the Circuit Court of Shawano County to dismiss the now pending action."

In their brief in support of their motion to stay, the defendants argue that Mr. Wallrich was omitted as a defendant in the present action in an effort "to create an artificial appearance of diversity of citizenship between the plaintiff and the real defendants." They refer to the general rule that the impleader of a defendant whose state of citizenship is the same as that of the plaintiff does not act to divest the federal court of diversity jurisdiction. See Stemler v. Burke, 344 F.2d 393, 395 (6th Cir. 1965); 3 Moore's Federal Practice ¶ 14.26, at 701 (1965). However, the defendants contend that the institution of two suits constitutes "harrassment" of the defendant insurer who is thus confronted with "the cost of multiple litigation." Finally, they assert their belief that the state court action can be tried earlier than can the action before this court.

It is my opinion that the defendant's motion for stay may not be granted. Both this court and the state court have concurrent jurisdiction over the plaintiff's cause of action. In Urbeitis v. Bethlehem Steel Corp., 198 F.Supp. 562, 563 (E.D.Pa.1961), the court said:

"It is established law that 'where the judgment sought is strictly in personam, both the state and federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other.'" [Quoting from Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285 (1939).]

 As the defendants note, the determination whether to grant a stay is discretionary with this court; one consideration in making such determination is the need for "avoiding unnecessary duplication of judicial machinery." Aetna State Bank v. Altheimer, 430 F.2d 750, 755 (7th Cir. 1970); see Annot., 5 A.L.R. Fed. 10, 30 (1970). However,

the action before this court antedates the state action, and there "should be no short shrift of litigants who are properly before the federal forum of their choice without compelling reasons." Thompson v. Boyle, 417 F.2d 1041, 1042 (5th Cir. 1969), cert. denied 397 U.S. 972, 90 S.Ct. 1088, 25 L.Ed.2d 266 (1970). Furthermore, it appears certain that the defendants in the case at bar could have impleaded Mr. Wallrich, notwithstanding the defendant insurer's contention that it is being harassed and that the plaintiff's invocation of this court's jurisdiction is improper. Indeed, as noted, the plaintiff has stated that she will move to dismiss the state court action if impleader in this court is accomplished. Cf. Mitchell v. Public Serv. Coordinated Transp., 13 F.R.D. 96, 98 (N.J.1952).

The defendants assert that the issues are the same in both the state court action and the action before this court; however, it was observed in Lutes v. United States District Court, 306 F.2d 948, 951 (10th Cir. 1962), cert. denied 371 U.S. 941, 83 S.Ct. 320, 9 L.Ed.2d 275 (1962), that:

> "The possibility of a different result in the state cases from that in the federal cases creates no exceptional circumstance in which abstention will serve an important countervailing purpose."

Finally the defendants' argument that it is likely that the state court action can be tried first points to the factor of delay as another consideration in the determination whether a stay should be granted. See Commerce Oil Refining Corp. v. Miner, 303 F.2d 125, 128 (1st Cir. 1962); Assmann v. Treglia, 318 F. Supp. 1040, 1041 (Conn.1970). However, since the filing of the defendants' motion, the plaintiff has applied to the state court for a change of venue of her state court action to Milwaukee County, pursuant to § 261.04, Wis.Stats.; this fact tends to weaken the defendants' claims that a speedier adjudication will

be available in the state court. The motion for a stay must be denied.

Therefore, it is ordered that the defendants' motion for a stay of the present action be and hereby is denied.