**Gene ABDIN, Plaintiff,**

v.

**GOODBODY & CO., a Partnership, et al., Defendants.**

**No. 71–C–588.**

United States District Court, E. D. Wisconsin.

Feb. 15, 1972.

—————◆—————

Barnett W. Franks, Milwaukee, Wis., for plaintiff.

Binder, Zirbel & Howard, by James G. Howard, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff in this action seeks damages for the allegedly unauthorized purchase of certain securities which were charged to the plaintiff's account with the defendant Goodbody & Co. The defendants have moved to stay proceedings in the present case pending the outcome of a state court action "involving the same issues and basically the same parties."

The defendants have appended to their motion to stay a copy of the complaint filed in the state court action. The complaint discloses that the state action was commenced in August, 1970, and that the only named defendant is Goodbody & Co. No statutory violation is alleged in the state court complaint, and the plaintiff avers that he continuously objected to the purchase of the securities on his behalf and that, until the time of the sale of the securities at a loss, the defendant represented that their purchase price would not be charged to the plaintiff.

The affidavit of the defendants' attorney also accompanies the present motion; the attorney represents in such affidavit that an answer to the state court complaint has been filed, that a deposition of the plaintiff has been taken, and that the plaintiff filed a "certificate of readiness for trial" in the state court on December 18, 1970.

The complaint in the present action names as defendants, in addition to Goodbody & Co., Goodbody's successor in interest and numerous Goodbody em-

ployees. The complaint also alleges that the defendants have violated § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j).

The defendants argue that unless the case at bar is stayed, unnecessary expense and "confusion which would affect subsequent cases in this jurisdiction" will result. They assert that liberal state rules governing amendment of pleadings would permit the plaintiff to add to his state court complaint those defendants in the present action not named in the state action. Finally, they contend that the § 10(b) violation alleged in the instant case can be resolved in the state action and cite Aetna State Bank v. Altheimer, 430 F.2d 750, 754 (7th Cir. 1970), and Kohler v. Kohler Co., 208 F.Supp. 808, 823 (E.D.Wis. 1962), aff'd 319 F.2d 634 (7th Cir. 1963).

■ It is clear from the pleadings and other materials filed by the parties that this court and the state court have concurrent jurisdiction over the plaintiff's cause of action. The determination whether to grant a stay is a discretionary one. In Liberty Mut. Ins. Co. v. Price, 48 F.R.D. 1, 3 (S.D.Ohio 1969), the court stated:

> "It is quite well settled that *in personam* actions involving the same claim are allowed, except in extraordinary circumstances, to proceed simultaneously in state and federal courts. Both state and federal actions go forward until one of them results in a judgment which may be asserted as *res judicata* in the other. Indeed, these concurrent suits may be inconvenient and expensive but the 1922 decision of Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L. Ed. 226 (1922) accepts this result and

this procedure is still applicable today."

See also Miller v. Miller, 423 F.2d 145, 147 (10th Cir. 1970); Mahkimetas v. Dascola, 336 F.Supp. 689 (E.D.Wis. 1971); Urbeitis v. Bethlehem Steel Corp., 198 F.Supp. 562, 563 (E.D.Pa. 1961).

■ Notwithstanding the fact that both the state and federal courts may hear the plaintiff's action, I am not persuaded that the state court action will be dispositive of all the issues presented in the case at bar. It is clear that the avoidance of "unnecessary duplication of judicial machinery" should be considered in determining whether a stay may be granted. Aetna State Bank v. Altheimer, supra, 430 F.2d at 755. However, the fact that numerous additional defendants are present in the instant action, and the fact that punitive damages are sought in the case at bar, militate against the granting of the defendants' request for a stay. Furthermore, on the basis of the materials before me, I am unable to say that the plaintiff would be able to amend his state court complaint in the manner suggested by the defendants.

The defendants assert that the state court case is ready for trial; the fact that the state court action may be concluded earlier than the federal court one is another circumstance which I have considered in resolving a request for a stay. Mahkimetas v. Dascola, supra; Assmann v. Treglia, 318 F.Supp. 1040, 1041 (Conn.1970). However, when all the relevant factors are weighed and balanced, I conclude that the defendants' request for a stay must be denied.

Therefore, it is ordered that the defendants' motion for a stay of the present action be and hereby is denied.